Nason *v.* Allen.

Nason *vs.* Allen.

The right of a widow to have dower assigned in the lands of her husband,
cannot be taken in execution for her debt.

To a plea, in an action of dower, that the widow claimed the premises in fee,
and that her estate therein had been duly set off to the tenant by extent, for
her own debt, a replication that she had no right, interest, or estate in the
premises, other than a right to have her dower therein, ought to conclude
to the country. But if it be concluded with a verification, it is good on
general demurrer.

To an action of dower, alleging the marriage, seisin in fee, and
death of the husband, &c., the tenant pleaded in bar, that at the
time of the decease of the husband, the demandant was in the open
and peaceable possession of the premises, claiming the same as her

---

Nason *v.* Allen.

---

own in fee ; until, having recovered judgment against her, he caused his execution to be duly and legally extended on the premises, and seisin and possession to be delivered to himself. To this the demandant replied that her husband died in the possession and occupancy of the premises, leaving her living thereon ; that she continued to dwell there at the time of the extent of the tenant's execution ; and that she had then no other right, estate, or interest therein, than the right to have her dower assigned out of the same ; which had never yet been done. Whereupon the tenant demurred, generally ; which was joined.

*J. Holmes,* and *Butler,* in support of the demurrer, argued that the replication was bad, as it alleged no estate in the husband, of which the wife could be endowed. The estate must be in fee simple or fee tail ; *Co. Lit.* 31 *a ;*—but in the replication it is only said that the premises were in his possession and occupancy. In this respect it does not fortify the declaration, and is therefore a departure. *Co. Lit.* 304.

And the plea, they contended, was good. The widow has a right to the perception of the profits of the land, or to an annuity or periodical allowance, in substance the same. It is in essence, though not in form, an estate in the land, even before the assignment of dower ; which, by collusion with the heir, she may enjoy during her life, setting her creditors at defiance ; unless they may take it in execution as her freehold estate. It is property which she may convey by a proper instrument, and it therefore may be seized by her creditors. The contrary doctrine opens an avenue to multiplied frauds ; and introduces into our law the anomaly of an estate for life, which the debtor may convey, but the creditor cannot touch ; and which, notwithstanding, is protected by no positive statute. *Bartlett v. Harlow* 12. *Mass.* 348. *Gooch v. Atkins* 14. *Mass.* 378.

Had she released her right of dower to the tenant in possession, beyond controversy the release would be a good bar to an action of dower. But the extent of an execution on lands divests the title of the tenant therein, and transfers it, by a statute purchase, to the creditor. The title of the present tenant, therefore, is as good against

Nason v. Allen.

the demandant as if he had her release.  *Baldwin v. Whitney* 13. *Mass.* 57. *Porter v. King* 1. *Greenl.* 297.

*Appleton*, for the demandant.

Mellen C. J. delivered the opinion of the Court.

This seems to be a very plain case. As the replication merely denies the averment in the plea, that the demandant held and claimed the premises in fee ; that is, that she had any other title than a right to have her dower assigned, she ought to have concluded to the country, as the more correct mode of pleading. But this objection, if a good one, is not good on a general demurrer. 1. *Chitty* 540. But it is said that the replication is a departure, and does not support the declaration. It is true it does not re-state the facts contained in it ; for the plea does not deny them ; but still it is no departure. " A departure in pleading is said to be when a party quits or departs from the case or defence which he has first made, and has recourse to another." 1. *Chitty Pl.* 618. It is a denial of the asserted title in her, under which the tenant professes to claim the lands in question as his own estate in fee. Suppose the plea in this case had stated by way of bar to the action, that the demandant by her deed had released to the tenant her right of dower in the premises ; surely she might properly have replied *non est factum*, without being guilty of a departure in pleading. In such case the replication, by removing the bar, supports the declaration.

But supposing the replication to be bad, is the plea good? Certainly not. It neither traverses nor confesses and avoids any one of the essential facts alleged in the declaration ; but merely states certain facts as to her conduct and claims, after the death of her husband, in respect to the premises, which gave her no legal right or title to them, if true ; and only rendered her liable to the heirs of her husband as a wrongdoer. But the counsel for the tenant contends that by the levy of his execution on the whole of the premises, and the whole estate therein, as before mentioned, the demandant's right of dower was divested and transferred to the tenant. No authority has been produced to support such a doctrine, and we are

well satisfied none can be found. Some of the decisions, cited by the demandant's counsel, show that such a right cannot be taken on execution directly ; and if so, there is less ground for supposing it can be taken indirectly, in the mode resorted to by the tenant. No mere right can be attached or taken on execution, except in those cases provided for by statute ; as, for instance, the right to redeem mortgaged premises ; but though a debtor has a right to redeem property on which execution has been extended, still that right is not the subject of attachment or levy on execution, any more than the right of redeeming personal property pledged or mortgaged. The tenant's experiment has proved wholly unsuccessful. We are clearly of opinion that the defence is without foundation ; and according to the form of the issue, adjudge the replication good and sufficient.