**448**

### TOMPKINS vs. FONDA.

À widow's right of dower, before assignment, is a mere right or chose in action, and not an estate or freehold in the land, or such an interest as can be sold on execution against her.

Before assignment and entry, a widow cannot convey her dower right to a stranger, by any of the ordinary modes of conveying freehold estates, so as to vest the legal interest in her grantee.

But if the widow is in possession, or is entitled to an assignment of dower immediately, the want of a mere formal assignment of her dower is not considered material in equity. And her interest, in such a case, may be reached, upon a creditor's bill, and applied to the satisfaction of the complainant's judgment.

The widow's right of dower, before assignment, is a thing in action, within the meaning of the statute authorizing the court of chancery to decree satisfaction of a judgment, out of personal property, money or things in action of a defendant, after the return of an execution unsatisfied.

May 6.     THIS was an application for the appointment of a receiver, upon a judgment creditor's bill. The only property of the defendant was her right of dower in a farm of which her husband died seised; of which farm she had continued in possession, with the heirs of the husband, from the time of his death; but her dower therein had never been demanded, or assigned to her. And the only question presented to the court, for its decision, was whether this was such an interest as could be reached by the aid of the court of chancery, after the return of an execution at law unsatisfied.

*M. T. Reynolds*, for the complainant.

*E. H. Kimball*, for the defendant.

THE CHANCELLOR. At law, the widows right of dower, previous to an assignment thereof, is not an estate or freehold in the land of her deceased husband, but is a mere right or chose in action. She has not, therefore, such an interest in the land as can be sold on execution. Neither can she, before assignment and entry, convey her dower right to a stranger, by any of the ordinary modes of conveying freehold es-

1834.

Tompkins
v.
Fonda.

tates, so as to vest the legal interest in her grantee. (*Watk. on Conv. by Merrifield*, 41. *Jick. Leg. & Eq. Estates*, 362. 4 *Dow. & Ryl. Rep.* 276. 9 *Mass. Rep.* 13.)  But in equity, if the widow is in possession, or is entitled to an assignment of dower immediately, the want of a mere formal assignment of dower is not considered material.  And if she has received the income of the whole premises, either as guardian of the heir at law or otherwise, she will, upon the taking of an account thereof, be entitled to retain her third, although her dower has not been assigned.  (1 *Peer Wms.* 122.)  She has no right therefore, in conscience or in equity, to deprive her creditors of the benefit of her right of dower, for the satisfaction of their debts, by continuing in possession with the heirs and neglecting to ask for a formal assignment; which assignment, and entry under it, would enable the creditors to reach it by execution.  The right of dower of the defendant in this case is such an interest as may be reached, by the aid of this court, and applied to the satisfaction of the complainant's judgment.  Indeed the term things in action, as used in the statute, (2 *R. S.* 174, § 39,) embraces this very case ; as the widow's right of dower before assignment is not an estate in her, but is properly a chose in action.  (*Jacob's Law Dict., title Chose.  Termes De La Ley, Chose in Action.*)  Although the legal title to a mere chose in action cannot be assigned so as to authorize the assignee to maintain an action at law in his own name, yet in equity such assignments are sustained.  And even courts of law now recognize the validity of such assignments, so far as to protect the interest of the assignees against a release or discharge of the right of action by the assignor.

It must, therefore, be referred to a master, in the county of Saratoga, to appoint a receiver, and to take from such receiver and file with the register a bond with sufficient sureties, conditional for the faithful performance of his trust.  And after the appointment of such receiver, the defendant must assign to him, for the purposes of this suit, her right of dower in the farm. The receiver is also to be authorized to proceed in her name for the recovery and assignment of her dower and the arrears thereof which may be due.  And after such dower has been

assigned, the receiver is to be let into the possession of the lands so assigned to the defendant for her dower, and to receive the rents and profits thereof until the further order of this court.