The Chancellor.
I am of opinion that the claim for dower is not within'the spirit of the statute of limitations, nor within its policy, or the evil intended to be remedied by it; and that the Legislature never intended to include dower within its provisions, or supposed it was so included.
Dower has. a limitation in the nature of things. It is the use of a third part of the lands during the life of the widow only. In a large proportion, perhaps a majority of the cases, death puts an end to the enjoyment and to the claim of dower within twenty years from the death of the husband. There is no consideration of public policy requiring any other limitation. It is a claim of a peculiar nature, entirely different from claims for debt and from asserted titles to land. The.amount of a debt is. yearly increasing; and there is a policy in limiting a time within which it should be presumed paid. If one has title to land which another is holding adyersely to him, there should be a limitation of time within which he should bring his action for it. The land may-become more valuable by improvements put upon it by the person in possession; and the taking it from him after the lapse of years may inflict a heavily increased loss. But the value of *485 the right of dower to the widow, and the burden of it to the owner of the lond is becoming less and less every year of her life. The alienee of the husband can put what improvements he pleases on the land; the widow gets dower only according to the value of the land at the time of the alienation.
A purchaser from the husband knows he buys subject to the wife’s inchoate right of dower, and the widow can recover damages, that is the value of the dower, only from the time she demands her dower. If she fails to demand her dower for twenty years, the purchaser has been relieved of the burden during that time. Does that furnish any reason why he should be relieved from it for the remnant of her life.
Children, where the father died seized, may, in consideration of the mother’s right of dower and by arrangement with her, have supported her for twenty years, and may then fail to support her. Is she barred of her right to have her dower set off to her.
At law, if a dowress dies before her right is established, her personal representatives have no remedy for the mesne profits. The rule is the same in Chancery as against a purchaser from the husband.
Neither the title of the heir at law, nor that of the alienee of the husband is adverse to the title under which the widow claims. They all claim under the title of the husband. The estate of the widow is a continuation of that of her husband; and upon assignment she is in by relation from her husband’s death. 4 Kent’s Com. 62.
The right to dower is a mere right, which can be neither aliened nor sold on execution. The law casts the freehold on the heir, and the widow has no estate in the land until her dower is assigned. 4 Paige 448; 17 Joha. Rep. 168, 9; 20 Ib. 411.
She has no estate or right of entry in the whole ; and none in any particular part until her dower is assigned by metes and bounds; and when that is done the estate does not pass by the assignment, but she is in, in intendment of law, of the seizin of her husband. 4 Kent’s Com. 68.
It is said that dower is within the letter of our Statute of Limitations. •
*486 If it were within the letter, yet if it be not within the spirit of the statute, it should not be subject to it.
But is it within the letter of our act. Sections 9 and 10 of our act for the limitation of actions provide that no person having any right or title of entry into any lands shall make entry therein but within twenty years next after such right or title, L e. right or title of entry shall accrue; and that every action for lands, real, possessory or mixed, shall be brought within twenty years next after the right or title thereto, i. e. the right or title of entry, or cause of such action, shall accrue.
The two sections together amount to no more than this, that no action for lands founded on a right or title of entry shall be brought after twenty years &c. The widow has no right or title of entry into any lands until after the dower is assigned.
The right is a mere inchoate, contingent charge; and it remains contingent after the husband’s death at least as against a purchaser from the husband. She cannot bring ejectment for it; (ejectment is a mixed action for lands and satisfies that word in our statute;) and if she dies before she can compel an assignment, the holder of the lands is relieved; and her personal representatives cannot recover the mesne profits from the husband’s alienee. And during her life, if she makes no demand of her dower from the husband’s alienee, she cannot recover the value thereof.
The statute of 21 Jac. 1, which enacts that “No person shall make entry upon any lands but within twenty years next after his right or title shall first accrueand the statute of New York, which enacts that no action for the recovery of any lands shall be maintained unless the plaintiff, his ancestor &e., was seized or possessed thereof within twenty years, are as broad in their effect as our statute, and yet are held not to include dower; and so are the statutes of several other States, which are held not to include dower.
Dower is not included because the widow has no right or title of entry until her dower is assigned by metes and bounds.
By a late statute in New York, dower has been subjected to limitation. How is it done 1 It is by requiring dower to be demanded within twenty years from the death of the husband. So *487 by a late statute in England, 3 and 4 William 4, Ch. 27, dower has been limited. It is done by providing that no suit for dower shall be brought within twenty years from the death of the husband. This shows that dower is not within statutes limiting actions for lands founded on right of entry or title, and in which the doctrine of adverse possession is involved.
If our Legislature shall be moved to enact such a limitation of the suit or demand for dower, they will have an opportunity of deciding whether dower is within the policy of statutes of limitation and whether there is any necessity or propriety of fixing a limitation.
Dower is highly favored. It has been well said, that dower is not only a legal right, but a moral right to be provided for and have a maintainanee and Sustenance out of the husband’s estate. That the widow is in the care of the law, and a favorite of the law. 1 Story's Eq. sec. 629.
Our Legislature have provided that where the husband did not die seized, as where he aliened in his life time, which is the ease here, she may sue for and recover her dower, with damages, that is to say, the value of her dower, from the time she demands her dower. There is no limitation as to the time of the demand. She may demand it at any time during her life. This bill goes for the value of the dower since the demand of dower; and for a third of the land to be now set off; and the plea is to the whole bill. The demand of dower was not made until Mai’ch, 1846. No action for the value of the dower accrued ifntil then, and then, only for the value after that time. By what rule can time elapsed before an action accrues be a bar to it? And if after demand she is entitled to the value of the dower from that time, which is equivalent to the dower itself, why is she not entitled to the dower itself from that time ? Can she be confined to an action for the damages or value ?
This shows the incongruity which would arise from construing our statutes limiting actions for lands to apply to dower.
Plea overruled.