The plaintiffs, by their bill, prayed that their judgment of January seventh, 1839, might be decreed to be a lien on the real estate conveyed by the receiver to the defendant, and that the title claimed under the sheriff's sale might be decreed to be superior to that claimed under the receiver's sale, and for such other relief as might be agreeable to equity. The original owner made an assignment to the receiver for the benefit of creditors, on the fifth day of January, 1839. And if that conveyance was authorized by the law of the land, and the practice of the court of chancery; and if, upon a just construction, it embraced the premises in question, then the judgment of the plaintiffs was never a lien on those premises. The plaintiffs' counsel contends that neither of these positions is true. I am of the opinion, however, 1st. That the deed executed by Saxton, the *Page 254 
judgment debtor, does embrace the real estate in question. The assignment was executed in pursuance of an order of the court of chancery, made on the first day of November, 1838, which directed an assignment of all the money, equitable interests, property, things in action, rents, real estate, and effects of the said Saxton, in his possession or under his control, when the injunction was served. The deed itself purports to convey to the receiver all the money, equitable interest, property, things in action, real estate and effects of the said Saxton, according to said order. This conveyance is adjudged in the final decree, to pass the real estate of said Saxton, and by that decree the receiver is directed to sell the same, and to execute a conveyance thereof to the purchaser. The description of the property in the assignment is such as is adequate to convey real estate by such an instrument. (Roseboom v. Mosher, 2 Denio,
61; Ward v. Van Bokkelen, 2 Paige, 297; Bayard v.Hoffman, 4 John. Ch. R. 450.) Now if this assignment contained adequate and appropriate words to convey the real estate, and the said real estate was so conveyed in pursuance of an order of the court, and sold by the receiver, under a valid decree of the court of chancery, then it does not matter that it was not according to the practice of the court, to order real estate to be conveyed. The order or decree, under which this deed was executed, was granted in a suit against Saxton, and the assignees. The assignees in that suit represented the plaintiff, and all other creditors who were preferred in the assignment; and the acquiescence of the defendant, Saxton, and the assignees, in the order and decree in question, is binding equally on them, and on all who claim under or through them; and although that order may have been too broad and extensive,
and therefore erroneous or irregular, yet it was not void,
and cannot be questioned in a collateral suit. I say it was notvoid; because the court had jurisdiction of the parties and of the subject matter; so that any decree, affecting the real estate, would not be void, though it might be erroneous. My views of the original object of a creditor's bill, are expressed in the case of Scouton v. Bender, *Page 255 
(3 How. Prac. R. 185.) The cases reported in 4 Paige, 448, 3Id. 234, and 2 Hoff. Pr. 115, are also authorities on the same subject. But it is said in Scouten v. Bender, that "when the "judgment debtor has assigned to a receiver his real, as well as "his personal estate, for the benefit of the prosecuting creditor, "and the court has removed the fraudulent deed that covered it, "and when all the parties who have acquired any lien upon it are "before the court, we can see no objections to a sale by the receiver "and a distribution of the proceeds among the creditors, "according to the priority of their liens. The court of chancery "having obtained jurisdiction of the case, and the subject matter "of it, for one purpose, may retain it in order to do full justice to "all the parties to the suit. Such a sale, however, cannot affect "the rights of a senior judgment creditor." We have already seen that the plaintiffs' title was derived under a judgment junior to the title of the receiver. Now, though we might think that it was not the original object of a creditor's bill to reach the real estate of a debtor, and that in a case where a bill is filed to set aside an assignment or to remove any other fraudulent obstruction, the object of the bill is compassed when the fraudulent obstruction is removed, so as to leave the property subject to an execution at law; yet, when a court does authorize a receiver to sell real estate that has been assigned to him, under an order of the court, no lawyer will question the power of the court to do this, or dispute the validity of a title derived under such a sale. It has been the practice of the court to order real estate to be sold, so long and so extensively, that it seems too late to question thepower and jurisdiction of the court to order the sale of real estate, under a creditor's bill, which also seeks to set aside a fraudulent conveyance, as a part of the complainants' relief. In England, as well as in this state, the court of chancery has often exercised the power to order real estate to be sold. The following are some of the authorities on this point. (Edgell v.Haywood, 3 Atk. 352; Holme v. Stanley, 8 Ves. 1; 1Daniel's Ch. Pr. 411; Stileman v. Ashdown, 2 Atk. 477;O'Gorman v. Comyn, 2 Sch. Lef. 150; Sands v. Codwise, *Page 256 
4 John. 536; Reade v. Livingston, 3 John. Ch. 481;Edmeston v. Lyde, 1 Paige, 637; Bank U.S. v. Housman, 6Id. 526, 539; Iddings v. Bruen, 4 Sandf. Ch. R. 417;Hopk. R. 239; 2 Barb. Ch. R. 233.)
II. But, suppose that I am wrong in the conclusion that the order of the court authorized, or the language of the assignment warranted, the construction which I have assigned to it, and that I have attached too much importance to the final decree, as settling the construction of the conveyance to the receiver, and rendering the sale by him lawful. Suppose the receiver was only vested with the power of a common law receiver, and had no control over the lands of the judgment debtor, and no right to sell them. Upon what ground has the plaintiff invoked the aid of this court? A court of law was just as competent to give a correct construction to this deed, as the court of chancery. And as no discovery was sought, the remedy was purely legal, and should have been sought in a court of law; and inasmuch as this objection was distinctly taken in the answer, it should now be held fatal. An action of ejectment was the proper mode of determining the construction of the deed to the receiver; and the fact that the receiver had conveyed to the purchaser, would not entitle the plaintiffs to set aside the deed as a cloud on their title. The power to sell, appears on the face of the deed, and in the decree and order of the court of chancery; and might as well be disposed of in a court of law as chancery. This point was decided in Cox v. Clift, (2 Comst. 118, 3 Barb. 481,) andVan Doren v. The Mayor of New-York, (9 Paige, 388,) where bills were dismissed for a similar reason.
III. It is said that the sale was not authorized, for the reason that the receiver had personal property enough to pay the judgment in favor of Webb Douglass. I am not certain that this allegation is true; but if it should be admitted to be so, the receiver held the real estate for the creditors in all the other suits in which he had been appointed, and could sell to satisfy those judgments.
IV. It is said, again, that the sale was for a grossly inadequate *Page 257 
price; and was made under fraudulent representations of the defendant to the receiver; and that the receiver was guilty of collusion and highly improper conduct in the sale. These facts, if admitted, may have furnished good reasons for setting the sale aside, on motion of a proper party; but if a suit could be prosecuted in chancery to effect that object, most clearly the receiver should have been a party defendant. The charge affects him in every aspect of it; and he was entitled to be brought into court, and to have an opportunity to defend himself against these charges. Besides, the plaintiffs do not, in their bill, show that they are entitled to this relief; as they have themselves purchased the property in question at sheriff's sale, and the gravamen of their bill is, that they have a good title to the premises, and that the defendant has received a deed for the same premises under the receiver's sale, which the court of chancery was asked to set aside. Besides, it appears that they were not present at the sale, and could not be damnified by the representations there made.
The decree of the supreme court should be reversed, and that of the vice chancellor affirmed, with costs in the courts below.
Ordered accordingly.