## NATHANIEL C. MOAK, Receiver of Catharine Coats, *vs.* MOSES COATS.

Where a receiver is appointed, in supplementary proceedings against a judgment debtor, the personal estate of the debtor becomes vested in the receiver from the time and by virtue of his appointment, but the real estate only vests in him by virtue of a *conveyance* to him, which the court has power to compel.

Accordingly *held,* that a receiver thus appointed could not, by virtue of his appointment, solely, and without any *assignment* to him as receiver, by the judgment debtor, maintain an action to recover the possession of real estate sold by the judgment debtor to a purchaser in good faith, for a valuable consideration, and without notice of the supplementary proceedings.

THIS action was brought by the plaintiff as receiver appointed under, and by virtue of, supplementary proceedings against Catharine Coats, a judgment debtor. The defendant is the owner of a farm of land, of which the husband of Catharine Coats died seised, having purchased the same of the heirs; and in the deed of conveyance Catharine Coats, the widow, united, releasing her dower for a full and

Moak *v.* Coats,

valuable consideration, and without notice on the part of the defendant of any supplemental proceedings against her. Prior to the execution of the deed by Catharine Coats, the plaintiff had been appointed receiver of her property, and he subsequently proceeded before the surrogate of Otsego county and caused her dower right to be admeasured and set off, and now brings this action, in the nature of an action of ejectment, claiming to be the owner of an estate for the life of Catharine Coats in the lands thus admeasured and set off as her dower. No instrument of assignment was executed to the plaintiff by Catharine Coats, either before or after the admeasurement of dower. The plaintiff claims to recover solely by virtue of his appointment as receiver.

*James E. Dewey,* for the plaintiff.

*Lathrop & Harris,* for the defendant,

*By the Court,* CAMPBELL, J. In *Thompson* v. *Fonda,* (4 *Paige,* 448,) and *Stewart* v. *McMartin,* (5 *Barb.* 438,) it was held that a widow's right of dower, before assignment, is a chose in action, which a court of chancery could, under the statute, (2 *R. S.* 174, § 39,) compel the widow to apply in payment of a judgment recovered against her, after the return of an execution unsatisfied. But though the right of dower is a chose or thing in action, that right proceeds from or is founded on a vested estate for life in one third of the lands of which her husband was seised during coverture. It is said "a person disseises me of land, or takes away my goods; my right or title of entry into the lands or action and suit for it, and so for the goods, is a chose in action. So a debt on an obligation, and power and right of action to sue for the same." (*Jacob's Law Dic. title Chose.*)

The absolute and unqualified owner of land, out of possession, has, by virtue of his title, a right to recover or obtain the possession, and the right is a chose or a thing in action.

The recovery of the possession is not the creation of the estate. The assignment or the admeasurement of the widow's dower is not the creation of her estate for life. She is let into possession of an allotted or admeasured part, but her title lies back in her coverture, and the seisin of her husband. Does the receiver then who proceeds, and in the name of the widow causes her dower to be assigned, (conceding that he has power thus to proceed,) become vested with title by mere operation of his appointment, and without any assignment from the widow, so that he can maintain an action at law in his own name, to recover possession of the dower premises? It will be observed in both cases of *Thompson* v. *Fonda* and *Stewart* v. *McMartin,* the court was very careful to make an express direction that the widow, the judgment debtor, should assign to the receiver. But it is said that the case of *Porter* v. *Williams & Clark* (5 *Seld.* 142) has settled the law, that since the code no assignment even of real estate is necessary. In that case Mr. Justice Willard, who delivered the opinion of the court, says : "Doubtless the real property did not, before the code, pass by such order, and was only directed to be conveyed under peculiar circumstances." So far as my experience as a master in chancery in the old court of chancery goes, and general knowledge of the practice of other masters, the proceeding was uniform, where a receiver under a judgment creditor's bill was appointed, to require the judgment debtor to execute to the receiver an assignment of his real and personal estate, or so much thereof as was necessary to satisfy the judgment. Indeed, the general orders of the court in cases of reference to a master to appoint a receiver of a judgment debtor's estate, ran in that form. In the case of *Porter* v. *Williams & Clark,* Porter, the receiver of Williams the judgment debtor, brought the action to set aside an assignment made by Williams to Clark, and which the receiver alleged was fraudulent and void. Williams had not made any assignment to the receiver. The action was on the equity side of the court, and it seems to me was maintainable without

Moak *v.* Coats.

holding that the receiver became vested with the legal title without an assignment. In that case the legal title was not in the debtor but in his assignee. As between the debtor and his assignee the conveyance was good, and the legal title of the debtor was gone. The receiver representing both creditor and debtor is permitted to come into a court of equity, and call the assignee who holds the legal title by a fraudulent assignment to account. In such a case, if the judgment debtor had made an assignment to the receiver he would not have transferred to him the legal title, for that was not in him, but in the other defendant, his assignee by virtue of an assignment made before the plaintiff was appointed receiver. A court of equity having jurisdiction of the subject matter and of the parties, would, through the receiver as representative of both creditor and debtor, enforce the equitable title. The receiver, by virtue of his appointment, acquired the thing in action—in that case the right to call the fraudulent assignee to account and to divest him of the legal title. If this was not accomplished by the ordinary decree, or judgment declaring the transfer fraudulent and illegal, the court having jurisdiction of the parties might order a conveyance by the judgment debtor, or the assignee, or by both. At all events it seems to me that the plaintiff in that case, upon well settled principles in a court of equity before the code, could have maintained an action against the judgment debtor and his assignee to declare the assignment fraudulent, without holding that since the code the receiver became vested by virtue of his appointment with the legal title of the judgment debtor in real estate.

In the later case of *Chautauque County Bank* v. *Risley* (19 *N. Y. Rep.* 374,) Judge Comstock states what it seems to me very clearly is the rule, as follows: "The personal estate becomes vested in the receiver from the time and by virtue of his appointment; the real estate only by virtue of a conveyance to him which the court has power to compel, and in this way the satisfaction is worked out."

I think, unless we are compelled to hold otherwise by express legislative direction, we ought to adhere to the rule as thus laid down by Judge Comstock, as the only safe one. Then if an assignment is required, the provisions of the recording act would come into operation, and the purchaser in good faith, finding the record to be perfect and unincumbered, could invest his money in safety. Otherwise a purchaser examining the records of the county where the land is situated finds no deed, no lien by way of mortgage or judgment, pays his money and takes his title. But it afterwards appears that there were judgments against his grantor in some other county in the state, under which supplemental proceedings had been had and a receiver had been appointed, and now the receiver comes in, and by virtue of his appointment claims to be the legal owner of the estate. There has been no deed, no conveyance from the debtor to the receiver. There was nothing to record, and the recording act does not apply; but the title had absolutely passed from the debtor to the receiver, and at the time of his deed to the purchaser he had no title to convey.

I think we should hesitate long before we should give that construction to the appointment of a receiver—appointed, as he usually is in these supplemental proceedings, in a private and summary way at a judge's chambers.

I think, therefore, the judge was right in holding as he did at the trial that Catharine Coats not having made an assignment to the plaintiff as receiver, and the defendant having purchased the premises in dispute in good faith, and paid a valuable consideration therefor, as disclosed by the evidence, the plaintiff cannot recover.

There was no evidence to be presented to the jury which contradicted the facts above mentioned, and there was no error in refusing to submit the case to the jury.

There are other grounds which I think would be fatal to the plaintiff's right to recover. He represents a creditor who was a creditor by reason of another debt, and who received payment of the prior debt out of the proceeds of sale paid by

the defendant; and after having proved his prior debt before the referee appointed by the court at the time of making the order for the sale under which the defendant purchased, I think he should be treated as a party to those proceedings, and should now be estopped from disaffirming them through his receiver.

There are also some questions as to regularity and validity of proceedings which I do not think it necessary to discuss.

I think there should be judgment for the defendant, upon the verdict, for the reason that the plaintiff failed to show title in himself as against the defendant, a purchaser in good faith without notice.

[BROOME GENERAL TERM, May 8, 1860. *Mason, Balcom, Campbell* and *Parker*, Justices.]