Robinson, J.
The plaintiff was, in 1867, appointed receiver in an action for a limited divorce, instituted in this court by Mary Carey against her husband, Thomas W. Carey, of all his estate real and personal, for the purpose of enforcing payment of alimony. At that time he was the owner of a lot of ground in the city of blew York, but after the appointment of plaintiff as receiver, no conveyance thereof was made to him as might have been required. In violation of the injunction, the defendant, Thomas W. Carey, conveyed the lot to John Wythe, and took back a consideration money mortgage for one thousand dollars, of which the defendant, Townshend, has become assignee; but it is alleged that both Wythe and Townshend acquired their interests in the land and mortgagewith full notice of the rights of plaintiff, as receiver, and in fraud thereof.
To this complaint, the defendant, Townshend, has demurred, on the ground that it does not state facts sufficient to constitute a cause of action, in not alleging any conveyance of the lot to the receiver, for the purpose of his trust.
In the state of the law prior to the act of 1858, ch. 314, a common law receiver of real property without conveyance might well have been held to have been possessed with no such title or interest in it as would have authorized him to maintain an action to remove a cloud upon, or obstruction to his right as receiver, to collect the rents, make leases and compel the attornment of tenants (3 Dan. Ch. Pr. 441; Mitchell v. Bunch, *471 2 Paige, 606-615; Edw. on Receivers, 6). Much controversy has existed on the subject of the peculiar power of a receiver under a creditor’s bill (2 Rev. Stat., 174; Ch. Rules, 1837, No. 192; Eq. Rules, 1857, No. 134); and under the Code (§§ 292 to 298 on Supplemental Proceedings; Chatauque Co. Bank v. White, 6 N. Y. [2 Seld.], 236; Porter v. Williams, 9 N. Y. [5 Seld.], 142; S. C., 12 How. Pr., 104; Moak v. Coats, 33 Barb., 498; affirmed in court of appeals, 33 How. Pr., 618; Chatauque Co. Bank v. Risley, 19 N. Y., 369). By the act of 1858, above referred to, the doubt on this was removed. By section 1, a receiver is authorized, for the benefit of the party in whose interest he is appointed, to disaffirm, treat as void, and resist, all acts done, transfers or agreements made in fraud of the rights of such person in any property held by him, or belonging to his trust; and, by section 2, any person who in fraud of such party in interest, has received, taken, or in any manner interfered with such estate or property, is liable, in a proper action, to such receiver, therefor.
Under the allegations of the complaint, it cannot be doubted that the conveyance to Wythe, and mortgage by him to Townshend, with notice of the injunction and of the rights of Mrs. Carey, as asserted in her action, tended to defeat and impair them, and created such a cloud on the receiver’s title and right of possession, with the incidental authority to compel an attornment by the tenants, and to make and execute leases of the property, as justified the interference of the court in the exercise of its equitable jurisdiction. The violation of the injunction was against the prohibition of the statute (2 Rev. Stat., 534, § 1, subd. 3, 8, § 25); and all persons concerned or participating, were guilty of misdemeanor {Id., § 26; 2 Rev. Stat., 696, § 39). The acts of the defendant as charged in the complaint, constituted a willful violation of the injunction; were prohibited by law; and being in derogation of plaintiff’s *472 rights as receiver, were void. Under the act of 1858, the plaintiff is authorized to take the necessary steps for their disaffirmance, and to remove the cloud that has been created on his title as receiver, so far as is necessary to protect Mrs. Carey’s rights, and to that end to compel such complete transfer to him, in trust for the purposes of the suit, of the interest the defendant, Thomas W. Carey, has in the lot in question, which has not been transferred to any bona fide purchaser.
Another ground of demurrer is presented : that improper causes of action are united in seeking relief against all parties concerned in or deriving title through the illegal act of conveyance to John Wythe. This cannot be maintained. The inquiry into the validity of the attempted transfer of title, and of each particular transaction in that respect, necessarily involved the validity of the title of each of the several defendants who claimed an interest in the lot; under the conveyance to Wythe.
A further ground of demurrer is stated {Code, § 144, subd. 4), that there is a defect of parties in omitting to make the attorney-general a defendant.
He could only become such where it appeared that the title to the lot had escheated to the State, 1. From a failure of lawful heirs (1 Rev. Stat., 718, § 1); and, 3. In case of a void devise ; as where it was to aliens, incapable of taking by will (2 Rev. Stat., 57, § 4). The complaint presents no such case of dn escheat, nor any reason for making the attorney-general a party.
Under these considerations, the complaint must be held as sufficient, and judgment must be given on the demurrer in favor of the plaintiff, but with leave to the defendant to answer, on payment of the costs of trial on demurrer, within ten days after service of a copy of an order to be entered herein.
Decision accordingly.