## THE UNION NATIONAL BANK OF ALBANY, RESPONDENT, *v.* SAMUEL S. WARNER AND OTHERS, APPELLANTS.

*Fraudulent conveyance — when grantee not protected by paying consideration — form of judgment in creditors' action.*

Where a father conveys real estate to his sons, with intent to defraud his creditors, and the conveyance is accepted by them with knowledge of such fraudulent intent, and to aid in carrying it into effect, the fact that by the conveyance they assume and agree to pay certain of the father's debts, does not render the conveyance valid, or protect them from the claims of the father's creditors.

Where, in an action brought by a creditor to set aside, as fraudulent, a conveyance made by his debtor, the plaintiff is successful, the judgment should either declare the conveyance fraudulent and void as against his judgment, and allow him to enforce the same in the usual manner by execution, or it should appoint a receiver of the property, and direct and enforce a conveyance of it to him, and vest him with a power to sell the same and apply the proceeds to the discharge of the plaintiff's claim.

Where, in such an action, the judgment declares the conveyance fraudulent and void as against the plaintiff's judgment, and directs a sale of the premises by a referee in the usual form of a judgment in an action to foreclose a mortgage, without appointing a receiver of the property or directing a conveyance to him, *held,* that the judgment was irregular and should be set aside.

APPEAL by the defendants from a judgment in favor of the plaintiff entered on the report of a referee, by which a deed was declared to be fraudulent and void, and the property ordered to be sold as under an ordinary judgment of foreclosure.

The plaintiff recovered two judgments against Michael Warner, one on 30th October, 1875, and another December 1, 1875, on which executions were returned unsatisfied.

The notes on which the judgments were recovered were dated in 1873.

On the 2d of April, 1875, Michael Warner, the father of the defendants, conveyed to the defendants certain real estate lying in Rensselaer county, by a deed which was made subject to the payment of certain debts of the grantor amounting to $5,047, enumerated therein. By the deed, the property conveyed was charged with the payment of these debts, which were assumed to be paid by the grantees.

These debts, thus assumed, constituted the sole consideration of the deed.

The real estate conveyed by the deed of 1875, was worth several thousand dollars more than the debts charged upon it.

The referee decided that the conveyance was made with intent to hinder, delay and defraud creditors, and that the plaintiff was entitled to a judgment adjudging the deed to be fraudulent and void, and directing that the premises be sold as under an ordinary judgment of foreclosure, and the proceeds applied to the payment of plaintiff's judgments and costs. Judgment was entered accordingly, and the defendant appealed.

*A. J. Parker,* for the appellants.

*Matthew Hale,* for the respondent.

BOCKES, J.:

The evidence seems quite sufficient to sustain the finding of the referee, that the conveyance of April 2, 1875, by Michael Warner to the defendants was fraudulent and void as against the plaintiff. This deed was evidently made by the father to the sons, with the intent to defraud the creditors of the former, and was accepted by the defendants with knowledge of such fraudulent intent, and to aid in carrying it into effect. The evidence fully sustains the plaintiff's case in this regard.

By the terms of the fraudulent conveyance several of the creditors of the grantor were sought to be protected. Those creditors were named in the deed; the debts were assumed by the grantees, and were also declared to be a charge on the premises conveyed. Those creditors were not made parties to the action. But no objection was taken to the omission by demurrer or answer; hence, it must be deemed to have been waived — even if it could have been made available, had it been timely and properly interposed. It may be here suggested that, inasmuch as those persons are not parties they are not concluded in their rights, if they have any, by the judgment in this action. It is urged that the deed of April second should not be held fraudulent and void for want of consideration, because the defendants, the grantees, had, by its terms, assumed the

payment of the debts therein specified. So it is insisted that there was an actual consideration paid by the grantees at the time of the grant, by their agreement to pay those debts to the creditors named. But the conveyance was not held fraudulent and void for want of consideration merely, but because of a corrupt purpose participated in by the grantees themselves. They accepted the conveyance with the fraudulent design and intent on their part to hinder, delay and defraud the creditors of the grantor. They were *particeps criminis* in the corrupt arrangement, and can, therefore, claim nothing under it, either to their own advantage or to the advantage of any one else. As is stated by JOHNSON, J., in *Briggs* v. *Merrill* (58 Barb., 389): "A party bargaining with a debtor, with fraudulent intent, does it at the peril of having that which he receives taken from him by creditors who he is attempting to defraud, without having any remedy to recover what he parts with in carrying out his bargain." The learned judge adds: "The law will leave him in the snare his own devices have laid." In such case, actual payment of full value will not protect the fraudulent vendee or grantee against the claim of the creditor. As was said in *Wood* v. *Hunt* (38 Barb., 302), the complicity of the grantee in the fraud of the grantor deprives him of any right to relief in respect to such payment. (See, also, *Goodhue* v. *Berrien*, 2 Sandf. Ch., 630, and *Fullerton* v. *Viall*, 42 How., 294.) This last case cited is not very fully reported; but there can be no doubt, I think, as to the law as there laid down on this point. The case of *Robinson* v. *Stewart* (10 N. Y., 189), does not touch this question, as that was an action by a creditor without lien, who took proceedings after the death of an intestate debtor who died insolvent; which proceedings inured to the benefit of all the creditors alike. The defendants in the case in hand, can, therefore, claim nothing in their own favor, by reason of having assumed the payment of the debts specified in the fraudulent deed to them; nor are they in a position to make claim under such deed for or in behalf of any others.

Nor was Ayers, the joint debtor with Michael Warner, a necessary party to this action. The plaintiff had exhausted all remedy at law against him, and was here seeking relief against Michael Warner's property only. In such property Ayers had no interest. (*Fox* v. *Moyer*, 54 N. Y., 125.) He was not, therefore, a necessary party.

The conclusions above reached would leave the case free from all difficulty, were it not for an error or informality in the judgment ordered by the referee, and sanctioned by the court at Special Term. The referee found, as one of his conclusions of law, that the plaintiff was entitled to have the real estate embraced in the fraudulent conveyance "sold in the same manner as under the ordinary judgment of foreclosure," and to have the proceeds of such sale applied to the payment of the plaintiff's judgments and costs of action, but omitted to direct the appointment of a receiver to take charge of the property and to make the sale. It seems that application was then made at Special Term on the findings of fact and law certified by the referee for judgment, and judgment was awarded thereon declaring and adjudging the deed fraudulent and void as against the plaintiff's judgments, and directing a sale of the premises by a referee in the usual form of a judgment in mortgage foreclosure cases. No receiver of the property was appointed. The latter portion of this judgment was irregular and, as I think, erroneous. There is no authority under the statute, nor in the practice of the court, for such a proceeding in a case like this, having for its purpose the removal of an obstruction to the enforcement of a judgment and execution. The more usual judgment to be entered in such case is to declare the conveyance fraudulent and void as against the creditor and his judgment, with the necessary and appropriate formalities in that regard, leaving the latter to enforce his judgment in the usual way by execution. But the court may also, in the exercise of its common-law powers, appoint a receiver and direct and enforce a conveyance to him by the party or parties having the apparent or legal title, and vest him with the power of sale and with the application of the proceeds. This was held in the case of *The Chautauqe County Bank* v. *Risley* (19 N. Y., 369; see, also, *Chautauqe County Bank* v. *White*, 6 id., 236, on page 252; also remarks of DWIGHT, J., in *Cole* v. *Tyler*, 65 id., 73). This latter course of practice is not always safest, for in that case the purchaser at the receiver's sale must trace his title through the conveyance to the receiver, which might, as in the case of *The Chautauque County Bank* v. *Risley*, let in other liens which attached subsequent to the judgment, which was the foundation of the creditor's suit, to defeat his title. The principles of law applicable to this branch of the

subject here under consideration, are discussed with elaboration by Judge COMSTOCK in the case last above alluded to, and need not be here repeated. It is sufficient here to say, that the judgment entered in this case is not in accordance with either course of procedure above indicated. It does not contemplate and provide for the enforcement of the plaintiff's judgments by execution, and thus preserve their liens on the lands fraudulently conveyed, nor was a receiver appointed with directions for a conveyance of the title to him with power of sale as in those cases where a receiver is directed to make sale of real property. Even when a receiver is appointed in cases like this in hand, it is now the settled rule, that he takes no title to real property, and therefore could convey none, without a transfer to him by the party having title. It was held in the *Chautauque County Bank* v. *Risley*, that the appointment of a receiver by a court of equity, vests in him the title to the debtor's personal estate, but that the title to real estate was transferred only by force of the debtor's own conveyance, which the court had the power to compel him to execute. This decision has been recognized and adhered to in many more recent cases. (*Moak* v. *Coats*, 33 Barb., 498; *Scott* v. *Elmore*, 17 N. Y. S. C. [10 Hun], 68.) At the September General Term, 1877, in this (third) department, the decision in the last case was followed in *Dubois* v. *Cassity* (Mem. by LEARNED, P. J). Perhaps the objection here under discussion might be deemed under the authority of *Cole* v. *Tyler* (65 N. Y., 73) mere matter of practice, and not ground of error on appeal. But I think otherwise. The difficulty strikes deeper in the case in hand than in that cited. In the latter, the judgment appointed a receiver and directed a sale by him. It was held that the omission of the usual direction that the judgment debtor convey to him was an omission of mere matter of detail, to be corrected by motion. Here, however, no receiver was appointed, and a sale by a referee, as in the case of a mortgage foreclosure, was adjudged. The judgment proceeded upon an entirely different theory from a case where it was to be executed and made effectual through a receiver. It was erroneous in that regard, and therefore, the difficulty presented is more than one arising from mere irregularity in practice. The proceeding was unauthorized; hence radically wrong both in theory and in detail.

That part of the judgment, therefore, which provides for a sale of the premises by the referee, as in the case of a mortgage foreclosure, should be annulled by reversal.

Perhaps the decree might be here corrected by a modification; but on the whole it seems best to reverse the judgment without costs of appeal, and without prejudice to an application at Special Term for the proper judgment on the referee's findings, with liberty also, if deemed advisable, to move at Special Term for an amendment or correction of the conclusions of law by the referee. A new trial is quite unnecesary as the case seems well decided on the merits. The error in the entry of judgment, although substantial as here presented, may be remedied on application to the court at Special Term, the present erroneous judgment being out of the way.

The disposition of the case above indicated is deemed best, in view of the fact that the plaintiff may prefer a judgment or decree declaring the deed to the defendants fraudulent and void as against the judgments, and that they are valid liens on the premises sought to be charged with their payment.

If, however, a sale by a receiver be demanded at Special Term, and the court should see fit to grant a judgment having that end in view, then it should be so entered in form as to meet the requirements of the law in its execution.

Judgment ordered at Special Term, March 13, 1877, reversed, but without costs of appeal, and without prejudice to an application at Special Term for the proper judgment on the referee's findings, with liberty also to the plaintiff, if so advised, to move at Special Term for an amendment or correction of the findings or conclusions of law by the referee.

BOARDMAN, J., concurred; LEARNED, P. J., not sitting.

Judgment reversed without costs, with leave to make further application to the court, as stated in the opinion. Order to be settled by BOCKES, J.