JONATHAN MAXON *et al. vs.* NANCY C. GRAY *et als.*

A widow's right of dower is before assignment of dower a mere *chose in action.*

Courts of equity have, in the absence of statutory provisions, no power to subject a widow's right of dower before assignment to the payment of her judgment debts.

The mere neglect or refusal of the widow to have assignment of dower made is not such a fraud upon her creditors as to give jurisdiction to a court of equity.

BILL IN EQUITY to satisfy a judgment debt out of a right of dower. On demurrer to the bill.

*Providence, February* 14, 1885. MATTESON, J. This is a bill by judgment creditors to subject a right of dower to the payment of their judgment debt. It sets forth that the respondent Nancy C. Gray was the wife of Jirah I. Gray, late of Hopkinton, deceased ; that said Jirah died intestate, on or about the 21st day of June, 1879, and that said Nancy as his widow is entitled to dower in certain lands, particularly described in the bill, with the improvements thereon, situated in Hopkinton, of which he died seized in fee ; that he left surviving him his widow said Nancy, and five children, who are still living and are his heirs at law, and that said real estate is now owned by said heirs subject to the dower therein of said Nancy. The bill also recites the obtaining of a judgment of the Justice Court of Westerly against the respondent Nancy by the complainants; the taking out of execution thereon, its levy upon, and the sale in pursuance thereof, at public auction, to the complainants, of all her right, title, and interest in and to said real estate, being her dower right therein ; the appropriation of the sum paid towards the expenses of the levy and sale; the return of the execution for want of other goods, chattels, and real estate of the said Nancy to be found by the officer within his precinct, unsatisfied for the balance of such expenses and the amount of said execution; the recording of the execution and of the officer's doings thereon in the land records of Hopkinton, and the making and delivery to the complainants by the officer, prior

to the return of the execution, of a deed of all the right, title, and interest of said Nancy in said real estate, being her said dower right therein, and the recording of such deed in said land records.

The bill further alleges that the said Nancy has been since the death of her husband, and still is, in the possession and occupation of all of said real estate, and in the receipt of the rents and profits thereof, by agreement with and consent of the children and heirs of her deceased husband, without taking any steps to have her dower therein set off or assigned to her, and that she has neglected and refused, and still neglects and refuses, to pay said judgment, or any part thereof, or to apply any part of said rents and profits towards the satisfaction of said judgment, which remains in full force and has not been annulled, reversed, or satisfied; that said heirs have at all times since the death of said Jirah neglected and refused, and still do neglect and refuse, to assign and set off to said Nancy her said dower right in said real estate.

The bill prays for an answer, the oaths thereto being waived, that the dower right of said Nancy in said lands may be subjected to the payment of said judgment, expenses, and the costs of this suit, and for general relief.

The respondents have demurred to the bill on various grounds, not necessary to be stated.

A widow's right of dower in the real estate of her deceased husband, before assignment, is not an estate, but a mere *chose* or right in action. *Weaver* v. *Sturtevant*, 12 R. I. 537, 539, 540. Being a *chose in action*, it is not subject to levy and sale on execution. Freeman on Executions, § 185. *Nason* v. *Allen*, 5 Me. 479, 481, 482; *Gooch* v. *Atkins*, 14 Mass. 378, 381; *Walker* v. *Mardus*, 29 Mo. 25, 27; *Shields' Heirs* v. *Batts*, 5 J. J. Mar. 12, 15; *Petty* v. *Malier*, 15 B. Mon. 591, 604. The proceedings set forth in the bill did not, therefore, confer any title to the right of dower of the respondent Nancy upon the complainants, or create any lien thereon in their favor, which can afford a basis for relief in equity.

The only cases in which a right of dower before assignment has been subjected in equity to the payment of debts, cited by the complainants, or which have come to our notice, are *Davison* v. *Whittlesey*, 1 MacArthur, 163; *Tompkins* v. *Fonda*, 4 Paige, 448;

and *Payne* v. *Becker*, 87 N. Y. 153, 158. The first and last of these rest upon the authority of the second, *Tompkins* v. *Fonda.* In this case the Chancellor says, that if the widow is in possession or is entitled to an assignment of dower immediately, the want of a mere formal assignment of dower is not considered material. The only authority cited by him to sustain this statement is the remark of the Lord Chancellor in *Duke of Hamilton* v. *Lord Mohun*, 1 P. Wms. 118, 122, which was a suit by the heir against the widow, as the guardian of the heir, for an account of the rents and profits of real estate ; and it was held just that a court of equity, in taking the account, should allow to the widow one third of the profits for her right of dower. For this purpose, the taking of the account, the Lord Chancellor did not deem the want of a formal assignment of dower material, the right of the widow to one third of the profits being the same in conscience, whether her dower had, or had not, been assigned. The question in the present case, however, is not one of account, but of jurisdiction. In *Greene* v. *Keene, ante,* p. 388, this court held, that in the absence of fraud, trust, or other ground of equitable jurisdiction, and in the absence of statutory provisions conferring it, courts of equity have no jurisdiction to subject a *chose in action* of a debtor to the payment of a judgment. We have no such provision in our statutes as existed in New York when *Tompkins* v. *Fonda* was decided, upon which the decision of the Chancellor in that case apparently rests. 2 Rev. Stat. N. Y. 174, § 39. Unless, then, there is some distinction to be drawn between a right of dower, before assignment, and other *choses in action*, or unless the bill sets forth some fact or facts of equitable cognizance, the suit cannot be maintained.

It has been suggested that a distinction between a right of dower and other *choses in action* may be found in the fact, that courts of equity have concurrent jurisdiction with courts of law in the assignment of dower. We do not think so. The jurisdiction in equity for this purpose was originally auxiliary, only, to that at law. It was resorted to for a discovery of title deeds, or of dowable lands, or to remove some impediment to the widow's recovery at law, or for an account of the mesne profits before assignment, or to ascertain the comparative values of different es-

tates, in which the widow might be entitled to dower, and which might be in the possession of various purchasers. Though the jurisdiction in equity has become an independent jurisdiction, concurrent with the jurisdiction at law, it appears to be based upon the fact that the remedy which it affords is in many cases a better and more convenient remedy than that which exists at law, rather than upon any essential difference in nature between dower rights and other *choses in action.* Such rights still continue to be *legal* rights, and courts of equity in exercising jurisdiction over them professedly act upon them as legal rights.

The allegations in the bill upon which the complainants apparently rely to maintain it are that the widow has been in the possession and occupation of the real estate described, by consent of, and agreement with, the heirs, without taking any steps to have her dower assigned, and has neglected and refused, and still neglects and refuses, to pay the judgment in favor of the complainants against her, or to apply any part of the rents and profits towards the payment of that judgment. In *Tompkins* v. *Fonda,* 4 Paige, 448, 449, cited above, the Chancellor remarks: " She," the widow, "has no right in conscience or in equity to deprive her creditors of the benefit of her right of dower, for the satisfaction of their debts, by continuing in possession with the heirs and neglecting to ask for a formal assignment; which assignment, and entry under it, would enable the creditors to reach it by execution." Doubtless the Chancellor uses this language in view of the equity jurisdiction, modified by the statute, then existing in New York; but, if not, although it may be conceded that a widow, like every other debtor, is bound in conscience to pay her creditors and to devote her right of dower and other *choses in action* to that purpose, it by no means follows that courts of equity have power to subject this species of property to the payment of debts. Unless it can be said, that neglect or refusal to have dower assigned amounts to a *fraud* upon creditors, which we are not prepared to hold, we know of no head of equitable jurisdiction to which the case is referable.

The argument concerning the hardship which must result to creditors, unless *choses in action* can be reached for the payment

of debts, is to be addressed to the legislature rather than the court.

The bill must be dismissed for want of jurisdiction.

*Demurrer sustained.*

*Thomas H. Peabody*, for complainants.
*Crafts & Tillinghast*, for respondents.