Pfluger v. Cornell.

---

# City Court.

*Special Term—May,* 1885.

## PFLUGER *against* CORNELL.

A receiver appointed in supplementary proceedings cannot sell real estate, nor can the debtor be compelled to make a transfer of the real estate to the receiver unless it be situated in another State.

McADAM, Ch. J.—Since the amendment of the Code in 1862 (chap. 460, § 15) and in 1863 (chap. 392, § 1) the rule laid down in 33 *Barb.* 498, has been changed, and the title to real estate belonging to the judgment debtor within this State passes to the receiver, upon recording in the county where the real property is situated a certified copy of the order of appointment (15 *Hun,* 190) ; and an order directing the transfer of such real property to the receiver is therefore unnecessary and improper (19 *Hun,* 500).

Pfluger *v.* Cornell.

As to real property situate without the State the rule is otherwise (37 *Barb.* 610) ; but as the only property of the judgment debtor herein is situated within this State, the application to compel a conveyance to the receiver must, for the reasons aforesaid, be denied.

As the legal title to the real estate was in the judgment debtor at the time the receiver was appointed, the latter succeeded to that title for certain purposes, but cannot sell it. To permit a sale by the receiver would be to deprive the debtor of his statutory right to redeem, which cannot be done (67 *How. Pr.* 424 ; 24 *Hun*, 526 ; 13 *Weekly Dig.* 384). The creditor may issue a new execution and sell all the right, title and interest in the real property which the debtor had on the day the judgment was docketed. This will effectually secure the legal rights of all the parties. As the statute furnishes this simple and complete remedy, the creditor should not be permitted to resort to a creditor's bill (of which a supplementary proceeding is a species) to enforce a legal lien enforceable without its aid. A creditor's bill is necessary only in cases where the legal title of the debtor is obscured or covered up by transfers of record in the names of others, by means of which the ordinary legal remedies of the creditor for the enforcement of the judgment are inadequate.

The motion for an order giving the receiver leave to sell the debtor's real estate will for these reasons be denied. The application to compel the debtor to deliver to the receiver the mining stock in his possession will be granted ; no costs.