CATHARINE MOFFETT

*v.*

LAFAYETTE L. TRENT et al.

[Filed February 11th, 1904.]

Under section 2 of the Dower act (*Gen. Stat. p. 1276*), providing that, till dower be assigned to her, the widow may hold the mansion-house of her husband, and the plantation thereto belonging, without liability for rent, a grantee of the dower rights, in possession, who is also the holder of a mortgage on the premises, is not required, on foreclosing the mortgage before the dower is assigned, to account for rent.

On final hearing.

*Mr. Patrick H. Gilhooly,* for the complainant.

*Mr. Charles H. Angleman,* for the defendant.

STEVENS, V. C.

In the year 1882 Edward L. Trent died intestate, seized of the house and lot in which he and his wife were residing. He left no issue. The widow continued to occupy the premises for some time thereafter. In January, 1884, she conveyed to the complainant all the estate, right, title, interest, dower and right of dower which she had or claimed to have in the premises. The complainant had prior to that time gone into possession under a verbal agreement of purchase, made with the widow. There was a mortgage on the property at the time of Trent's death, given by a former owner. On this mortgage the complainant paid interest until it was assigned to her husband, on October 10th, 1885. On August 2d, 1885, it was, through one James Moffett, assigned to her. She has occupied the property ever since and has not in any way recognized the title of the heirs-at-law, who are a brother and sister of the intestate and children

of deceased brothers, except by bringing this suit and so admitting that they have an equity of redemption which she is now seeking to foreclose.

She holds and is in possession under two titles, viz., the title derived from the widow and the mortgage title. That her mortgage title is good is too clear to admit of argument. *Duncan* v. *Smith, 2 Vr. 325.* The cases cited by counsel would be pertinent if the mortgagee were out of possession, but here she is in possession.

The only debatable question is whether she is, as mortgagees in possession generally are, bound to account. She contends that she is not, because the widow, whose title she claims to hold and under whom she went into possession, is still living and would not herself have been bound to account.

Section 2 of the Dower act provides:

"That until such dower be assigned to her it shall be lawful for the widow to remain in and to hold and enjoy the mansion-house of her husband, and the messuage or plantation thereto belonging, without being liable to pay any rent for the same."

It is quite clear that if the widow can make a lawful assignment of the interest thus given to her, the complainant is not bound to account for the rent. The widow has, in fact, transferred the possession. Was she able to transfer it with the privileges that would have attached to it had she herself continued in the personal occupation of the property?

Speaking of this provision, Justice Ford, in *Ackerman* v. *Shelp, 3 Halst. 125,* said that the estate given by it is not a common law quarantine of forty days but a freehold for life unless sooner defeated by the act of the heir. But in *McLaughlin* v. *McLaughlin, 7 C. E. Gr. 505,* Chief-Justice Beasley said "that it was but an amplification of the provision of *Magna Charta,* beneficially extending the term of the widow;" and in *Spinning* v. *Spinning, 16 Stew. Eq. 215,* Justice Scudder appears to have regarded it not as a freehold for life but as a privilege *in the nature of* a tenancy at will.

Moffett v. Trent.

If the estate were a true common law estate at will, it could not be assigned. It is said in *Cruise's Digest* (*Greenl. Cru. Real Prop., bk. 1, tit. 9, ch. 1, 7*):

"A tenant at will has no certain and indefeasible estate—nothing that can be granted by him to a third person—because the lessor may determine his will and put him out whenever he pleases. Therefore, if a tenant at will assign over his estate to another, who enters on the land, he is a disseisor, and the landlord may have an action of trespass against him."

In repudiating Judge Ford's idea that the estate granted was a freehold for life unless sooner defeated by the act of the heir, Judge Scudder, in the case above cited, appears to have taken care not to commit himself to the proposition that the right in question was a true common law tenancy at will. He said that the privilege was conferred by an act which should be made its own interpreter, and that its words should be construed according to their evident intent. Referring to the opinion of Chief-Justice Beasley in *McLaughlin* v. *McLaughlin, supra,* and to that of Judge Dodd in *Bleecker* v. *Hennion, 8 C. E. Gr. 123,* he said: "In neither case is an attempt made to define the act by any terms known in the law." It is evident that while the right may in some respects resemble an estate at will, it does not resemble it in all respects. It does not resemble it in one of its most characteristic features, for it is not terminable at the *mere* will of the heir. He must first do something on his part: he must render the widow a *quid pro quo* for the privilege he is depriving her of; he must assign dower before he can take it away. *Den* v. *Dodd, 1 Halst. 449.* The right of dower is assignable in equity. *Tompkins* v. *Fonda, 4 Paige 448; Payne* v. *Becker, 87 N. Y. 156.* Judge Dodd, in *Bleecker* v. *Hennion, supra,* in a passage quoted with approval in *Spinning* v. *Spinning, supra,* says: "The widow's possession or quarantine is an *incident* only to her dower, belonging to that right and inseparable from it." If this be so, it follows that the right to dower being assignable its incident will go with it. In *Craig* v. *Morris, 10 C. E. Gr. 468,* Chancellor Runyon held that

a widow might lease. If she had been strictly tenant at will she could not have done so. By the express words of the act she may not only "remain in" but also "hold and enjoy." These words, it seems to me, must be construed either as restricting the widow to the personal use and occupation of the mansion-house or as investing her with the ordinary powers of disposal. To say that she has an interest that she may rent and yet may not convey, makes an estate or interest, already anomalous, un-necessarily more so. One of the usual modes of enjoying per-sonal property, whether it be money, securities for money, or merchandise, is by exchanging it for an equivalent. I do not see why a term of years, which is a chattel interest passing to the personal representative, or the anomalous interest in question, should not be enjoyed in like manner, more especially when it has been adjudged that this interest is but an "incident" to dower, belonging to it and inseparable from it, and that it may be leased. And no injustice is done to the heir, for he may terminate the possessory right at his pleasure by assigning dower to its possessor.

I think, therefore, that the mortgagee in possession, holding, as he does, under two titles, is not bound to account for the rental value of the premises mortgaged.