ALVAN T. PAYNE, Receiver, etc., Appellant, v. LOUISA BECKER, Impleaded, etc., Respondent.

The dower interest which a widow has in lands of which her deceased husband had been seized is, although unmeasured, assignable as a right in action and is liable in equity for her debts.

Where, therefore, in pursuance of an order appointing a receiver in proceedings supplementary to execution against a widow who was entitled to dower, but which had not been assigned to her, she conveyed her dower interest to the receiver, he having also complied with the conditions prescribed by the Code (§ 2468), for the vesting of the property of the judgment debtor in him, *held*, that he was entitled to maintain an action to admeasure the dower; also that the action was properly brought by him in his own name as receiver.

Also *held*, that plaintiff's position did not enable him to bring an action for partition.

*It seems* that in an action in the nature of a creditor's suit, the amount of the judgment upon which it is based measures the matter in controversy;

and if less than $500, the judgment in the creditor's suit is not appealable to this court unless an appeal is allowed by the Supreme Court. (Code, § 191, sub. 3.)

*Payne* v. *Becker* (22 Hun, 28), reversed.

*Moak* v. *Coats* (33 Barb. 498); *Jackson* v. *Aspell* (20 Johns. 410), distinguished.

(Argued October 25, 1881; decided December 13, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 14, 1880, which affirmed a judgment entered upon an order sustaining a demurrer to plaintiff's complaint. (Reported below, 22 Hun, 28.)

The complaint states the recovery of a judgment on the 12th of April, 1879, for $257.20, against the defendant, Louisa Becker, the usual steps for its enforcement and, those failing, proceedings supplementary to execution in behalf of the judgment creditors, the appointment therein of the plaintiff as receiver of the property of the judgment debtor, and his qualification as such. It also alleges that she was formerly the wife of one Nauman, now deceased, and as his widow, is entitled to dower in certain lands, described in the complaint, of which he was seized; that they are now owned by his children and heirs, subject to her right of dower, and they, with her and her present husband, are in possession thereof; that in pursuance of the order appointing plaintiff receiver, she conveyed to him, in writing, "her dower and right of dower" therein; that it has never been assigned to her, and that the said right of dower so conveyed to the plaintiff may be applied to the satisfaction of the judgment; it is necessary, among other things, that the dower interest be admeasured and set off and the plaintiff let into possession. After alleging permission of the court to bring the action, the plaintiff demands judgment, that the interest so conveyed to him be ascertained, and the said dower right admeasured and set off to the plaintiff as such receiver, and partition of said lands and premises, or sale made thereof as may be necessary. The heirs of Nauman and the defendant's present husband

were also made defendants; the judgment debtor alone appears in the action, and she demurred to the complaint upon the ground, among others, that it does not state facts sufficient to constitute a cause of action.

*Theo. F. Jackson* for appellant. A widow's dower, unassigned in lands of which she is in the actual possession, can be reached by a court of equity and applied to the payment of a judgment recovered against her, upon which execution has been returned unsatisfied. (*Tompkins* v. *Fonda*, 4 Paige, 448; *Stewart* v. *McMartin*, 5 Barb. 438; *Moak* v. *Coats*, 33 id. 498; 3 R. S. 174, § 39.) Since the adoption of the Code, a proceeding supplementary to execution is a substitute for a creditor's bill, and reaches every thing which could have been reached in that manner. (§§ 244, 298, subd. 3; *Porter* v. *Williams*, 9 N. Y. 147, 148; *Pacific Bk.* v. *Robinson*, 24 Alb. L. J. 32 [July 9, 1881]; *Lynch* v. *Johnson*, 48 N. Y. 33.) The plaintiff in this action having been duly appointed receiver of all the property of the defendant in the proceeding in question, represents not only the debtor, but the creditor. (*Porter* v. *Williams*, 9 N. Y. 149.)

*Sam'l B. Caldwell* for respondent. To maintain partition of lands, the plaintiff must have actual or constructive possession of the same, in common with the defendants, and must also show a legal title to the land in the plaintiff and his alleged co-tenants. (*Sullivan* v. *Sullivan*, 66 N. Y. 37, 41; *Florence* v. *Hopkins*, 46 id. 182; *Howell* v. *Mills*, 56 id. 226; *Stryker* v. *Lynch*, 11 N. Y. Leg. Obs. 116; Code of Civil Procedure, § 1532.) A receiver in supplementary proceedings does not obtain such a title to real estate as will entitle him to maintain an action for partition. (*Dubois, Receiver, etc.*, v. *Cassidy*, 75 N. Y. 299.) No other parties than the widow, an heir or owner, or the guardian of an heir or owner, have authority to apply for admeasurement of dower. (2 R. S. 1123, § 26; 3 id. 776, § 1 *et seq.*; 5 Wait's Pr. 161 *et seq.*; *Wiles* v. *Peck*, 26 N. Y. 42, 45; *Jackson* v. *Aspell*, 20 Johns. 411; *Ritchie* v.

*Putnam,* 13 Wend. 524; *Greene* v. *Putnam,* 1 Barb. 500; Gerard's Titles, 168; *Wiles* v. *Peck,* 26 N. Y. 42, 45; *Mallory* v. *Horan,* 49 id. 112; *Cox* v. *Jaggar,* 2 Cow. 638; *Zabriskie* v. *Smith,* 13 N. Y. 322; *McKee* v. *Judd,* 12 id. 622; *Hyslop* v. *Randall,* 11 How. 97; *Dinniny* v. *Fay,* 38 Barb. 18.) No authority exists for the joinder in one complaint of a cause of action for the admeasurement of dower, and one for the partition of real property. (Code of Civil Procedure, §§ 484–488; *Tanner* v. *Niles,* 1 Barb. 560; *Wood* v. *Clute,* 1 Sandf. Ch. 199; *Coles* v. *Coles,* 15 Johns. 319.) The plaintiff here is not one of the persons authorized by law or entitled to sue or institute proceedings for the admeasurement of the dower of this defendant. (*Lawrence* v. *Miller,* 2 N. Y. 252; 5 Wait's Pr. 161; *Siglar* v. *Van Riper,* 10 Wend. 414; *Maloney* v. *Horan,* 36 How. 260, 267; *Scott* v. *Howard,* 3 Barb. 319; 2 Hilliard's Am. Law, 43; *Cox* v. *Jaggar,* 2 Cow. 638; *Van Name* v. *Van Name,* 23 How. 247; *Moore* v. *The Mayor,* etc., 8 N. Y. 110–113.) The widow's right of dower is but a chose in action, and no one claiming under her by virtue of such right could exclude any of the heirs. (*Wiles* v. *Peck,* 26 N. Y. 42–45; *Rutherford* v. *Graham,* 4 Hun, 796; 5 Wait's Pr. 161; *Jackson* v. *Aspell,* 20 Johns. 411; *Marvin* v. *Smith,* 46 N. Y. 575.) A receiver in supplementary proceedings cannot bring an action for the partition of lands in which the judgment debtor has only an interest. (*Scott* v. *Elmore,* 10 Hun, 68; *Dubois, Rec'r,* v. *Cassidy,* 75 N. Y. 299.) A dowress cannot file a bill for partition, or be sole defendant. (Code of Civil Procedure, §§ 1532, 1596 *et seq.* ; *Coles* v. *Coles,* 15 Johns. 80; *Wood* v. *Clute,* 1 Sandf. Ch. 199; *Bradshaw* v. *Callaghan,* 5 Johns. 80.) The plaintiff herein is not a proper party plaintiff in this action, and has no cause of action as alleged in his complaint. (*Carson* v. *Murray,* 3 Paige, 483–503; *Guidet* v. *Brown,* 3 Abb. N. C. 297.) Right to dower is a mere license, is personal to the licensee, and is neither salable nor transferable. (*Marvin* v. *Smith,* 46 N. Y. 575; *Mendenhall* v. *Klinck,* 51 id. 246; *Lawrence* v. *Miller,* 2 id. 252; *Moore* v. *The Mayor,* 8 id. 110; *Scott* v. *Elmore,* 10 Hun, 68; *Chautauqua*

*Co. Bk.* v. *Risley*, 19 N. Y. 375 ; *Moak* v. *Coates*, 33 Barb. 498.)

DANFORTH, J.   The appellant now argues that the action is in the nature of a creditor's suit.   If we yielded to this view it would lead to a dismissal of the appeal, for in such an action the judgment measures the matter in controversy.   It is less than $500, and the appeal has been taken as of right and not by allowance of the Supreme Court.   (Code, § 191, sub. 3.)   It is, however, clearly a case seeking admeasurement of the widow's dower and partition of the lands described ; thus affecting the title to real property or an interest therein, and, therefore, not within the provisions of the Code referred to.   The court below held that plaintiff's position did not enable him to maintain an action for partition, and this is now conceded by the appellant's counsel.   One other ground of action remains, and we are of opinion that the complaint does contain facts sufficient for the admeasurement of the dower of the defendant.   The common law secured to the widow dower for her sustenance, and the sustenance and education of her children.   (Co. Litt. 30 b.)   But, although in modern times the right has been enlarged, and is confirmed by statute, the humane object of its allowance may be defeated by her improvidence, and the right itself subjected to the claims of creditors. This was held in *Tompkins* v. *Fonda* (4 Paige, 448), where the only question presented was whether a widow's right of dower which had never been demanded or assigned could be reached by the aid of a court of equity after the return of an execution unsatisfied.

In that case the court required the defendant to assign to the receiver, for the purpose of the suit, her right of dower in certain premises, and he was authorized to proceed in her name for the recovery and assignment of it.   After that, the receiver was, by the terms of the decree, to be let into possession of the lands assigned, and to receive the rents and profits until the further order of the court.   This case was carefully considered and although frequently cited (*Elmendorf* v. *Lockwood*, 57

N. Y. 322; *Marvin* v. *Smith*, 46 id. 574; *Stewart* v. *McMartin*, 5 Barb. 438; *Moak* v. *Coats*, 33 id. 498; *The Chautauque County Bank* v. *White*, 6 *id.* 596), has met with no disapproval. In *Stewart* v. *McMartin* (*supra*), a similar decree was made, and while it was denied in *Moak* v. *Coats* (*supra*), it was upon the ground that no assignment of the widow's interest had been made to the receiver. Whether that was well put, needs no consideration, because in the case before us the widow, by direction of the judge, conveyed her right to the plaintiff. The other cases sustained the general doctrine, and it must now be deemed settled, that, upon the death of her husband, a widow has an absolute right to dower in the lands of which he had been seized, and that this right or interest, although resting in action, is liable in equity for her debts. In the cases above cited (*Tompkins* v. *Fonda*, and *Stewart* v. *McMartin*), the action for its admeasurement was required to be brought in the widow's name, but, since the Code, that cannot be necessary. The plaintiff takes as the assignee of a chose in action (*Tompkins* v. *Fonda*, *ante*), and must sue therefor in his own name (§ 111, Old Code; § 449, New Code). This was so held in Indiana under a code of practice similar to our own (*Strong* v. *Clem*, 12 Ind. 37; *Jackson* v. *Aspell*, 20 Johns. 410), and other like cases cited by the respondent show, not that the assignment by the widow of her right of dower is inalienable, but only that it could not be so aliened as to enable the grantee to bring an action in his own name.

This was no doubt the rule at common law, but the Code changed it. In *Strong* v. *Clem* (*supra*), the court held, first, that the dower interest accruing to the widow in the real estate of her deceased husband was, although unmeasured, assignable as a right in action; and, second, that under the code of practice in that State, it might be enforced in the name of the assignee. Such is the rule in equity, as applied to all rights in action (2 Story's Eq. Jur., §§ 1040–1055); and that a claim for dower is within that rule is shown by the case of *Potter* v. *Everitt* (7 Ir. Eq. Cas. 152). The action was by

the purchaser of a widow's right of dower before assignment, against the widow and the deceased husband's heirs at law to compel them to allot the dower and· afterward convey the land so allotted. The plaintiff obtained the relief sought. Both upon principle and authority, therefore, we must hold that the widow's right or claim of dower is property; that, like every other species of property, it may be reached and applied to the payment of her debts; and this principle once established, the power of the Supreme Court to carry it into effect cannot be doubted. Whatever interest or right the defendant had, accrued prior to the recovery of judgment, and she was at that time, and at the time of the appointment of the plaintiff as receiver, entitled to have dower assigned to her. The plaintiff not only complied with the conditions made necessary by statute (New Code, § 2468) before the property of the judgment debtor should vest in him; but he took, by order of the judge, an assignment of it from the plaintiff. Thus, by compliance with statutory provisions and by the act of the defendant in pursuance of a judicial mandate, he became entitled to all her property, whether real estate or rights in action. But this avails nothing unless he can make his title effectual and reduce the property to possession for the purpose of his appointment. Upon the facts stated in the complaint, and conceded to be true, we think he is entitled to reach that now in question, and for that purpose may have the dower admeasured and applied according to the prayer of the complaint.

The order and judgment appealed from should, therefore, be reversed with costs, the demurrer overruled, and leave given to the defendant to answer, upon payment of costs, within twenty days after notice of the order to be entered upon the *remittitur* herein.

All concur.

Judgment reversed.