JOHN HINCHLIFFE, RESPONDENT, *v.* MARGARET SHEA, APPELLANT.

*Dower — effect of a married woman's joining in a mortgage with her husband — when it binds her subsequently vested dower estate.*

March 25, 1878, one Martin Shea and his wife, the defendant, executed a mortgage on certain real estate, then owned in fee by the husband, to secure the payment of a note given by him. April 3, 1882, the premises were conveyed to Anne Horgan by the sheriff, in pursuance of a sale had in 1881, under an execution issued upon a judgment against the husband docketed in 1874. The husband died April 8, 1882. April 26, 1882, Horgan conveyed the premises to the defendant.

In an action to foreclose the mortgage the judgment directed that the dower interest of the defendant in the real estate, which became vested in her on the death of the husband, should be sold.

*Held,* no error.

*Payne* v. *Becker* (87 N. Y., 153) followed

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

On or about March 25, 1878, the firm of Shea & Schnerr made their promissory note to the order of Martin Shea for $3,000, payable in one year from date. Martin Shea indorsed the note to Shaw, Hinchliffe & Penrose. At this time Martin Shea was seized in fee of the premises described in the complaint, and as collateral security for the payment of above note he executed to Shaw, Hinchliffe & Penrose the mortgage set forth in the complaint. His wife Margaret Shea, the appellant, at the time had no interest in the premises other than an inchoate right of dower; she joined with her husband in the mortgage. On June 8, 1874, a judgment was docketed in the office of the clerk of Kings county against Martin Shea in favor of P. K. Horgan and another. The premises were, in the year 1881, sold under the execution issued under this judgment, and on April 3, 1882, they were conveyed by the sheriff of Kings county to Anne Horgan. Martin Shea died April 8, 1882. Anne Horgan, on or about April 26, 1882, conveyed the premises to the defendant and appellant Margaret Shea, and she is now in possession under the deed from Anne Horgan.

The facts are not disputed, and the only question in the case is whether the plaintiff, by virtue of the mortgage described in the

complaint, has any lien on the premises. The judge found that the vested dower interest of the defendant was subject to the mortgage, and a judgment directing the sale of such interest was ordered.

*Francis T. Magill,* for the appellant.

*James M. Baldwin,* for the respondent.

PRATT, J.:

It may fairly be argued, since the case of *Payne* v. *Becker* (87 N. Y., 153), that the wife's mortgage conveyed her inchoate right of dower to the mortgagee. If that be so, now that the right has become vested, it may be applied to the payment of the mortgage debt.

We are not disposed to interfere with the judgment below, which must be affirmed, but as the question is new, without costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, without costs.