JACKSON S. CARPENTER, APPELLANT, *v.* MARGARET CARPENTER, RESPONDENT.

*Covenant by a woman to release her right of dower — when it may be enforced by a purchaser from the husband — what facts will support an action to remove a cloud upon title.*

One Azel Carpenter and the defendant, being about to marry, entered into a written agreement under seal which provided that Carpenter should pay, or cause to be paid to the defendant the sum of $2,000 at his decease, the defendant agreeing to receive and accept the said sum in full satisfaction of her dower right to the property of Carpenter as his wife or widow, and agreeing, if necessary, to execute a full discharge or release of her said dower right on payment of the said sum. After the marriage of the parties to this agreement Carpenter died, leaving the defendant him surviving, to whom he had, during his lifetime, paid the said sum of $2,000 in full satisfaction of said agreement. After the marriage Carpenter conveyed a parcel of real estate by a warranty deed to the plaintiff. After the death of Carpenter the plaintiff demanded of the defendant that she execute a release of her dower in the said premises, which she refused to do in any manner. Thereafter the plaintiff brought this action to compel the defendant to execute a proper release of her dower to the end that the plaintiff's title might be discharged from the cloud resting thereon.

*Held,* that the court erred in dismissing the complaint upon the ground that these facts did not show any cloud upon the plaintiff's title that a court could remove, and that they did not constitute a cause of action authorizing equitable relief.

That the covenant in the agreement ran with the land conveyed to the plaintiff and that the plaintiff was entitled to maintain the action to enforce its specific performance.

That the refusal of the defendant to execute a release was tantamount to an assertion on her part that she claimed dower in the premises, and that as the defense would rest partially on parol evidence, a court of equity should grant equitable relief.

*Wood* v. *Seely* (32 N. Y., 114) followed.

APPEAL from a judgment, entered in Herkimer county upon the trial of the action at a Special Term held on the 30th of June, 1885.

As a conclusion of law it was found by the trial judge: "That the proofs in this case do not show any cloud upon the plaintiff's title that a court can remove by the exercise of its equitable jurisdiction. Second. That the facts proven do not constitute a cause of action authorizing equitable relief."

On the 20th of September, 1866, Azel Carpenter entered into a written and sealed agreement with the defendant, which contained the following provision : " That whereas, a marriage is about to be had and solemnized between the said parties, and the said party of the first (Azel Carpenter), being desirous of making suitable and proper provision for said party of the second part, and in consideration of said marriage the said party of the first part doth hereby promise and agree that if the said marriage shall be solemnized as aforesaid he will pay, or cause to be paid, to the said party of the second part the sum of two thousand dollars at the decease of the said party of the first part; and the said party of the second part, in consideration of said sum of two thousand dollars and of said marriage, doth hereby promise and agree to receive and accept of said sum of two thousand dollars in full satisfaction of her dower right to the property of said party of the first part, as his wife or widow, and the said party of the second part agrees, if necessary, she will execute a full discharge or release of her said dower right on the payment of said sum of two thousand dollars.

" This agreement is to be binding on the parties thereto, and on their or either of their legal representatives.

" In witness whereof, the parties have hereunto set their hands and seals the day and year first above written.

" AZEL CARPENTER.   [L. S.]
" MARGARET MUMFORD. [L. S.]

" In the presence of L. I. BURDITT."

After such instrument was executed, and prior to June 3, 1873, the parties thereto intermarried. On the 3d day of June, 1873, Azel Carpenter was the owner of the real estate described in the complaint, situated in the town of Norway, Herkimer county, and on that day he executed a conveyance of the said premises to the plaintiff, being an ordinary warranty deed. On the 19th of

June, 1876, Azel Carpenter died leaving the defendant, his widow, him surviving. It is found as a fact, that: "Said Azel Carpenter, during his lifetime, paid to the defendant the said sum of two thousand dollars in full satisfaction of said agreement;" also, that "after the death of said Azel Carpenter, which occurred June 19, 1876, and about the 2d day of March, 1880, the plaintiff demanded of the defendant that she execute a release of her dower in said premises, which she refused to do in any manner."

In defendant's answer she "denied the performance of said agreement on the part of said Azel Carpenter." The complaint avers, "that on or about the 2d day of March, 1880, the plaintiff demanded of said defendant that she execute a release of her dower interest in and to the real estate described; that she refused to execute said release, and refused to release her dower interest in said real estate in any manner." That allegation of the complaint is not denied.

*Charles J. Palmer*, for the appellant.

*M. S. Cook* and *George W. Smith*, for the respondent.

HARDIN, P. J.:

Inasmuch as Azel Carpenter, in his lifetime, was seized of the premises in question and died leaving his widow, the defendant, him surviving, she was presumptively and apparently entitled to a dower interest in the premises. "Her dower right was an absolute right, which was assignable." (*Payne* v. *Becker*, 87 N. Y., 153; *Pope* v. *Mead*, 99 id., 204.) Such dower interest, although before assignment a mere right or chose in action (*Tompkins* v. *Fonda*, 4 Paige, 448), was a cloud upon the plaintiff's title. After the defendant received payment of the $2,000 mentioned in the anti-nuptial agreement, she was under an absolute obligation to "execute a full discharge or release of her said dower right." She so obligated herself in the covenant inserted in the anti-nuptial agreement. That covenant ran with the land and passed by the conveyance executed by the husband to plaintiff. (*Dolph* v. *White*, 2 Kern., 301; *Trustees of Watertown* v. *Cowen*, 4 Paige, 510; *Beddoe's Exrs.* v. *Wadsworth*, 21 Wend., 120.) Plaintiff is entitled to maintain this action to enforce a specific performance of the defendant's agreement. (*Malins* v. *Brown*, 4 Comst., 403.) It appears by the averment in

the complaint, not denied by the answer, and by the finding of the trial judge, that she refused to execute a release when proper demand was made upon her for that purpose. We are inclined to think that such refusal is tantamount to an assertion on her part that she claimed dower in the premises. To maintain an action for dower the defendant would only be required to prove that she was the widow of Azel Carpenter and that he had been seized during coverture, and to defeat such an action it would not have been sufficient for the plaintiff to produce the anti-nuptial agreement. In addition thereto he would have been called upon to prove by parol the payment of the $2,000 mentioned in the anti-nuptial agreement; because he would thus be obliged to make proof by parol, he had a right to bring an action in equity, and a court of equity had jurisdiction to give the proper relief. (*Wood* v. *Seely*, 32 N. Y., 114.) In considering a similar question to the one now before us the conclusion was reached in that case, that a court of equity had jurisdiction to give relief in a case where the defense to a claim of dower would rest partially in parol evidence and it was said, viz. : "Evidence which exists only in the memory of living witnesses, who may be removed from life in the natural course of events before the defendant proceeds to assert her claim by an action in the courts. To purchasers and all others who may be led to examine the title to the lands, the cloud will be patent and apparent, while the means of removing it will not be manifested. The plaintiff not only anticipates an injury from the pretentions and attitude of the defendant, but he actually suffers one in the prejudice to his title. I arrive, therefore, at the conclusion that upon the principle of the cases referred to, the plaintiff is entitled to maintain this action." In delivering the opinion of that court, Chief Judge DENIO observed, viz.: "But in the absence of such an action he was not obliged to remain passive until the defendant should move. The allegations upon which his equity is based rest upon the oral testimony of a witness who may die or whose testimony it may hereafter be impracticable to procure. In such cases the party expecting to be challenged may take the initiative by bringing an action in the nature of a bill *quia timet.*" (*Scott* v. *Onderdonk*, 14 N. Y., 9 ; *Fonda* v. *Sage*, 48 id., 173, follows and approves of the doctrine of *Wood* v. *Seely*.)

From the quotation thus made from the opinion in *Wood* v. *Seely* it is apparent that the trial judge fell into an error in supposing that the doctrine of *Scott* v. *Onderdonk* stood in the way of the plaintiff's right to maintain this action. That case recognizes the doctrine that where a party must prove, by parol, facts to establish his defense or to make out his right to remove a cloud upon its title as it is said in the language of DENIO, judge, " the party is not compelled to take the hazard of a loss of his evidence, but may, while it is attainable, call the party holding such a document into court and have the matter determined at once so that the cloud upon his title may be dispelled."

Judge DENIO, in his opinion in *Heywood* v. *The City of Buffalo* (14 N. Y., 540), recognizes the same doctrine, where he approves of the decision in the court below, on the ground that it appeared on the face of the proceedings that the tax was illegal, and, therefore, the plaintiff could not be injured by the apparent cloud. In stating the ground for equitable interference, and of the jurisdiction of a court of equity in regard to such cases, Judge FOLGER, in *Marsh* v. *The City of Brooklyn* (59 N. Y., 281), says, viz.: " When the claim or lien purports to affect real estate, and appears on its face to be valid when the defect in it can be made to appear only by extrinsic evidence, which will not necessarily appear in proceedings by the claimant thereof to enforce the lien, there is a case presented for invoking the aid of a court of equity." This doctrine was approved in *Guest* v. *The City of Brooklyn* (69 N. Y., 514), and the same doctrine was asserted by EARL, J., in *Townsend* v. *The Mayor* (77 N. Y., 542), where he says, viz. : " The law generally concerns itself only with actual wrongs, and not with such as are merely potential. But there are some exceptions to this rule. Courts will, under certain circumstances, entertain actions to remove a cloud upon title to land, to prevent future harm. It is not sufficient that there is a formal title or lien creating the cloud. Where the cloud is claimed to be created by a lien, the lien must be apparently valid, and must exist under such circumstances that it may in the future embarrass or injure the owner or endanger his title."

The same doctrine is approved in *Schroeder* v. *Gurney* (73 N. Y., 435), in the language of MILLER, J., who said that the case then before the court " does not come within the rule that

relief will be granted by a court of equity where extrinsic evidence, which will not necessarily appear in the proceedings by the claimant to enforce the lien, is required to show the invalidity of an instrument, which constitutes an apparent cloud upon a title."

It was said in *Field* v. *Holbrook* (14 How., 106) that equity takes jurisdiction and gives relief "where the plaintiff claims to have a defense valid in law, but which rests upon evidence which he is in danger of losing, if the adverse party is suffered to delay the prosecution of his claims."

In *Miner* v. *Beekman* (50 N. Y., 337) Judge GROVER says, viz.: "It is a right inherent in the owner of the fee to have clouds removed, and apparent but not real incumbrances discharged of record at all times."

We are of the opinion that the facts and circumstances disclosed upon the trial were entirely adequate to bring the plaintiff's action within the equity jurisdiction of the court, and therefore the trial judge erred in dismissing the plaintiff's complaint. It seems the refusal of the defendant to execute a release under the admissions in the pleadings and facts found by the trial judge should be treated as equivalent to an assertion of dower in the premises owned by the plaintiff and described in the complaint. It seems, also, the case made at the trial was such a one substantially as is referred to in sections 1647, 1648 and 1649 of the Code of Civil Procedure. Upon a second trial the facts and circumstances attending the defendant's refusal to execute a release may be made to more fully appear, and whether or not she has actually asserted her right to dower in the premises by claiming the same before the commencement of this action, may bear upon the question of costs. Upon that subject, however, we find no occasion to express an opinion. Suffice it to say that we are of the opinion that the trial judge erred in dismissing the plaintiff's complaint and finding as a conclusion of law, viz., "that the facts proven do not constitute a cause of action authorizing equitable relief."

Judgment reversed and new trial ordered, with costs to abide the event.

BOARDMAN and FOLLETT, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.