Titus, J.
The questions in tjiis ease arise on the demurrer of the defendant, Ann Naylor, to the plaintiff’s complaint, on the ground that the complaint does not state facts sufficient to constitute a cause of action. The complaint alleges in substance that in April, 1885, John Walsh and Andrew Walsh, recovered a judgment in the supreme court, against the defendant, Ann Naylor for the sum of $148.50. That the judgment was filed and docketed in the clerk’s office of Erie county, and that an execution against the property of Ann Naylor was issued to the sheriff of said county, and by him returned wholly unsatisfied.
That subsequently an order for the examination of the defendant in supplementary proceedings was obtained before the county judge of Erie county, and under such proceedings, the plaintiff was appointed receiver of her property.
That he executed the required bond which was approved by the county judge, which, with the order appointing him such receiver was filed in the clerk’s office on the third day of December, 1885. That Ann Naylor is the widow of Thomas Naylor deceased, and as such widow is entitled to dower in certain premises. That her dower has never been assigned to her.
Upon this state of facts the plaintiff asks the judgment of this court to aid him in collecting his judgment out of the dower interest of the defendant.
It is not alleged that the defendant ever assigned by any prober instrument her dower interest in the premises of which her pusband died seized, to the receiver.
*817 Tbe defendant’s counsel insists that the plaintiff cannot maintain this action because, among other reasons, the dower interest of the defendant should have been sold on execution. We do not think the counsel’s position is well taken.
The right of a widow to dower, until it is assigned, is a mere chose in action, which is not the. subject of sale upon execution, and before assignment is only a claim. Lawrence v. Miller, 2 N. Y., 245; Moore v. Mayor, 8 N. Y., 110; Aikman v. Harsel, 98 N. Y., 186.
The other point made by the defendant’s counsel is, that the action cannot be maintained by the receiver for the reason that her dower has not been assigned to him by the widow. This was undoubtedly the rule before the legislature changed it, by amendments to the Code of Procedure. Section 298 of the Code of Procedure as originally adopted made no provision for vesting the title of the judgment debtor’s property in the receiver. In 1862 the legislature amended section 298, by adding a clause in which the following appears : “A certified copy of the said order shall be delivered to the receiver named therein, and he shall be vested with the property and effects of the judgment debtor, from the time of filing and recording of the order aforesaid.” This was again amended in 1863 by a further addition : “ But before he shall be vested with any real property of such judgment debtor, a certified copy of said order shah also be filed and recorded in the office of the clerk of the county in which any real estate of said judgment debtor sought to be affected by said order is situated.”.
This continued without change until the adoption of the Code of Civil Procedure, when that portion of section 298 was embodied in section 2468, which provides that “ The property of the judgment debtor is vested in a receiver who has duly qualified, from the time of filing the order appointing him, or extending his receivership as the case may be, subject to the following exceptions :
1. “ Beal property is vested in the receiver only from the time when the order, or a certified copy thereof, is filed with the clerk of the county where it is situated.”
This would seem to dispose of the question so far as the statute is concerned without resort to adjudged cases for authority, but the courts of this state have in several cases passed upon this very question. The case of Wing v. Disse,reported in 15 Hun, 1.90, is in all respects, so far as this qiiestion is concerned, similar to the one under consideration. A judgment was obtained against Disse, and execution returned unsatisfied, and proceedings instituted supplementary thereto, which resulted in the appointment of the plaintiff as receiver..
In that case the court, by a unanimous decision held that a receiver appointed in supplementary proceedings, under the pro *818 •visions of the code is vested witb tbe real estate of tbe debtor by virtue of bis appointment upon filing tbe security required, duly approved, and tbe entry and recording in tbe proper clerk’s office of tbe order of appointment, without any conveyance being made to him by tbe judgment debtor.
Tbe learned judge in writing tbe opinion says : “ These provisions are so clear to our minds that we would have been content to declare tbe law as we find it written, but for tbe fact that since these amendments were adopted, tbe decision of Moak v. Coats, has been followed by the general term, in tbe second department, in tbe case of Scott v. Elmore, 10 Hun, 68; but in that case the learned judge who wrote the opinion, did not advert to tbe amendments of 1862 and 1868.” The case of Moak v. Coats, reported in 33 Barbour, 498, and of Chautauqua County Bank v. Risley, 19 N. Y., 374, were decided before the amendments of 1862 and 1863. In Hayes v. Buckley, 53 How, 173, tbe question as to the rights of a receiver appointed in proceedings supplementary to execution, was again passed ujDon, and the court held that by virtue of bis appointment all of tbe property both real and personal of tbe judgment debtor vested in tbe receiver without assignment from tbe judgment debtor to him. The case of Scott v. Elmore, is the only case I have been able to find decided since the amendments to the Code, which bolds that it is necessary, in order to vest tbe real property in the receiver, that an assignment should be made to him by tbe judgment debtor, and inasmuch as tbe attention of the court does not appear to have been called to tbe amendments to tbe Code of 1862 and 1863, it cannot be regarded as an authority sustaining the doctrine that when a receiver is appointed under the provisions of the Code providing for tbe enforcement of a judgment in proceedings supplementary to execution, title does not vest in him by virtue of tbe statute.
In Payne v. Becker, 87 N. Y., 153, the question was before tbe court of appeals ; in that case tbe court held, all tbe judges concurring, that “ Where in pursuance of an order appointing a receiver in proceedings supplementary to execution against the widow, who was entitled to dower, but which bad not been assigned to her, that he was entitled to maintain the action as receiver, and that her dower, although unmeasured, was liable for her debt in that proceeding.
In that case, however, the court said that whether the widow bad assigned to tbe receiver or not, was of no consequence, because by direction of the judge she bad conveyed her right to the plaintiff.
Again in Manning v. Evans, 19 Hun, 500, the general term of tbe supreme court, in this department, reiterated the doctrine that “ Whatever title, estate, or interest the defendant may have bad in it, capable of being aliened if she bad any at the time of *819 tbe appointment of tbe receiver, became vested in tbe receiver, by virtue of his appointment, followed by tbe fibng of tbe requisite security, and tbe entry and recording of tbe order of appointment in tbe proper clerk’s office, without any conveyance being executed to him, by tbe judgment debtor.”
It seems clear from the language of tbe Code itself, as well as from tbe adjudged cases, tbat tbe plaintiff as receiver, is vested with all of tbe real estate, of which the judgment debtor was seized at tbe time of bis appointment. And that tbe widow’s right of dower, although unmeasured, is an absolute right wbicb is assignable as perfectly as any other interest in lands. Payne v. Becker, 87 N. Y., 158, and Pope v. Mead, 99 N. Y., 201. It follows from what has been said that tbe plaintiff should have judgment on tbe demurrer with costs.