HANNAH EVERSON, RESPONDENT, v. ANDREW McMULLEN, APPELLANT.

*Action for dower under the Code of Civil Procedure — the plaintiff, if successful, is entitled to costs, of course, under subdivision 1 of section 3228 of the said Code.*

Since the adoption of the Code of Civil Procedure the plaintiff, in an action brought for dower, if successful, is entitled to costs, of course, under subdivision 1 of section 3228 of the said Code, as it is an action to recover "an interest in real property" and is triable by a jury.

*Aikman* v. *Harsell* (31 Hun, 635) distinguished.

APPEAL from a judgment entered in Ulster county upon the trial of this action by the court, the parties having waived a jury trial.

The action, which was brought to recover dower, has already been before the General Term, where the principal question involved therein was determined in favor of the plaintiff, the decision being reported in 42 Hun, 369. The question now presented was whether or not the plaintiff, having succeeded, was entitled to costs, of course, or only in the discretion of the court.

*Preston & Chipp*, for the appellant.

*G. D. B. Hasbrouck*, for the respondent.

LANDON, J.:

Costs were properly awarded the plaintiff. Dower is "an interest in real property" whereof the widow is endowed, and although technically the interest is a chose in action or mere claim, and not an estate until admeasured, still the "action for dower," which is now regulated by our Code of Civil Procedure, is an action to recover the interest in real estate, whether that interest be admeasured upon the land itself or its equivalent recovered in money. (4 Kent Com., 35; *Payne* v. *Becker*, 87 N. Y., 153; Code Civil Pro., §§ 1607–1613–1617, 1618.) The action for dower is triable by jury. (Id., § 968.) Hence plaintiff is entitled to costs "of course." (Sec. 3228, sub. 1.)

Our attention is called to *Aikman* v. *Harsell* (31 Hun, 635). That action was tried before the last nine chapters of the Code of Procedure took effect. It was there held that the costs were in the discretion of the court, the court holding that there were no statutory provisions in reference to the costs of the action. Without questioning the propriety of the ruling in that case, we think the Code now gives the plaintiff costs.

Judgment affirmed, with costs.

LEARNED, P. J., and WILLIAMS, J., concurred.

Judgment affirmed, with costs.