(16 Misc. Rep. 153.)

### FREIOT v. LA FOUNTAINE et al.

(Supreme Court, Special Term, Albany County. February, 1896.)

1. PARTITION—MODIFICATION OF REFEREE'S REPORT.
    Where a reference granted in an action for partition was regarded by the parties and the referee as an interlocutory reference, the interlocutory judgment need not follow the referee's report so as to be reviewable only on appeal, merely because the order of reference contained a provision to "try the issues."

2. DOWER—HOW BARRED—MORTGAGE.
    A mortgage executed by two of five heirs and by the widow, to whom another of the heirs had conveyed his one-fifth, is effective to bar the widow's dower right in the one-fifth interest of each of the two heirs who joined with her in executing the mortgage, though her dower interest had not been admeasured.

Action by Sarah K. Freiot against Maud V. La Fountaine and others for partition. Plaintiff moved to modify and confirm the referee's report.

James E. Freiot (W. F. Hickey, of counsel), for the motion.
J. W. Roddy, for defendant Catherine La Fountaine, opposed.
F. A. Chew, guardian ad litem, opposed.

CHESTER, J. The plaintiff moves to modify, and as modified to confirm, the report of the referee, and for interlocutory judgment thereon. The action is one for partition. The plaintiff claims in her complaint that she is entitled to an undivided three-fifths of the property sought to be partitioned or sold, free of any lien or incumbrance by right of dower or otherwise, and that the defendants Maud V. La Fountaine and Mary C. La Fountaine are each entitled to an undivided one-fifth interest in such property, but whether subject to a right of dower is left to the decision of the court. The defendant Catherine La Fountaine interposed an answer in which she claims a right of dower in the premises. The usual general answers have been interposed on behalf of the infant defendants. It was referred to a referee under an order which was the usual order of reference in partition to take proof of the title of the respective parties in the premises, and of all the matters stated in the complaint, and to report to the court, except that the order contained a provision "to try issues raised by answer as aforesaid of Catherine La

Fountaine and to take proof of the issue raised by said general answers of said infant defendants." The referee reported that he found the rights and interests of the parties as follows: That the defendant Catherine La Fountaine has a right of dower in four-fifths of the premises; that the plaintiff, Sarah K. Freiot, is entitled to the undivided one-fifth thereof; and is also entitled to the further undivided two-fifths thereof, subject to the dower interest of said Catherine La Fountaine therein; and that the defendants Maud V. La Fountaine and Mary C. La Fountaine are each entitled to the undivided one-fifth thereof, subject to the dower interest of Catherine La Fountaine therein. The plaintiff now moves to modify the report of the referee as to his conclusion with reference to the interest of the plaintiff and the dower interest of Catherine La Fountaine, so as to show that the plaintiff is entitled to a three-fifths interest in the property, free of dower, and for a confirmation of the report as modified, and for interlocutory judgment accordingly. Against this it is contended that, the order of reference having contained a provision to "try the issues," the interlocutory judgment must follow the referee's report, and can only be reviewed upon exceptions and upon an appeal from the judgment. I am unable to agree with this contention as applied to the facts of this case. While the order of reference contains a provision to try issues, yet, with that exception, it is the usual order of reference in partition to take testimony and report to the court. It appears that the parties and the referee have regarded it as an interlocutory reference. It is clear to my mind that it was not intended as a reference of all the issues under which a judgment could be entered without application to the court. If the referee has found the facts correctly, but has found wrong conclusions of law, it is proper for the court on this application to draw legal conclusions from the facts found without sending the report back to the referee, and to direct judgment accordingly. Austin v. Ahearne, 61 N. Y. 6. It appears by the referee's report that Joseph La Fountaine died intestate in 1880, seised and possessed of the premises in question. He left, surviving, his widow, the defendant Catherine La Fountaine, and five children, his only heirs at law, viz. William H., Florie J., Sarah F., and the defendants Maud V. and Mary C. La Fountaine. The son, William H. La Fountaine, and his wife, conveyed his undivided one-fifth interest in the premises to the defendant Catherine La Fountaine in 1882. Sarah F. La Fountaine became Sarah F. Armstrong in 1890. In 1894 the defendant Catherine La Fountaine and two daughters, Florie and Sarah, joined in a mortgage to the plaintiff of "all the three-fifths interest of above-named parties of the first part" in said premises. This mortgage was foreclosed, and the three-fifths interest in the premises described therein was bid in by and conveyed to the plaintiff prior to the commencement of this action.

Was this mortgage and the conveyance to the plaintiff, pursuant to the foreclosure and sale of the mortgaged premises thereunder, effective to bar the widow's dower right in the one-fifth interest of each of the two daughters Florie and Sarah as well as in the widow's

one-fifth interest? I think it was. By the express terms of the·
mortgage, the mortgagors "granted, bargained, sold, and conveyed
* * * all the three-fifths interests of above-named parties of the
first part" in the premises in question to the mortgagee, and by the
referee's deed in foreclosure he granted and conveyed to the plain-
tiff "the three-fifths interest of the above-named Catherine La Foun-
tain, Florie J. La Fountaine, and Sarah F. Armstrong" in said prem-
ises. There was nothing in the mortgage or in the referee's deed
to indicate that each of the mortgagors owned or intended to mort-
gage only an undivided one-fifth interest in the premises. Nor was
there any reservation by Catherine La Fountaine of her dower in-
terest in the shares owned by the daughters Florie and Sarah. The
widow's dower interest had not been admeasured, but it was, never-
theless, an estate that was assignable. Payne v. Becker, 87 N. Y.
153. It appears to me clear that, having joined in this mortgage,
the widow is thereby estopped from claiming a dower right in any
portion of the three-fifths interest described in the mortgage. It
has been held in a somewhat analogous case, where a widow, who
was an executrix, joined with other executors in a contract of sale
of premises in which she had a dower interest, without any reserva-
tion of her dower right, that she consented, so far as her individual
rights were concerned, to make a good title to the purchaser. Bost-
wick v. Beach, 103 N. Y. 414, 9 N. E. 41. Upon the facts found by
the referee and stated in his report, I think this motion should be
granted, with costs, and that the interlocutory decree should declare
the rights and interests of the parties in the premises as follows:
That the plaintiff is entitled to an undivided three-fifths thereof, free
of all rights of dower; that the defendants Maud V. La Fountaine
and Mary C. La Fountaine are each entitled to an undivided one-
fifth thereof, subject to the right of dower of the defendant Cath-
erine La Fountaine; and that the defendant Catherine La Fountaine
is entitled to a right of dower in said undivided one-fifth thereof be-
longing to said defendant Maud V. La Fountaine, and in said un-
divided one-fifth thereof belonging to said defendant Mary C. La
Fountaine.

Ordered accordingly.