(52 App. Div. 192.)

In re COWENHOVEN et al.

LATOURETTE et al. v. LATOURETTE et al.

(Supreme Court, Appellate Division. Second Department. June 5, 1900.)

DOWER—ATTACHMENT BEFORE ASSIGNMENT.

Under Code Civ. Proc. § 645, providing that any interest in real property, either vested or not vested, which is capable of being aliened by defendant, may be levied on by a warrant of attachment, a widow's dower interest in the lands of her deceased husband is subject to attachment at the suit of one of her creditors pending an action for partition, and before assignment thereof to her.

Appeal from special term, Kings county.

Partition proceedings by James W. Latourette and others against Abraham Latourette and others. There was a decree of partition, and Joseph B. Lewis and Charles T. Cowenhoven filed a petition praying that they be adjudged entitled to the dower interest of Susan A. Latourette, which they claimed respectively under an attachment and an assignment. From a judgment in favor of Lewis, Cowenhoven appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Robert Ludlow Fowler, for appellant.
E. H. Benn, for respondent Lewis.

WOODWARD, J. By stipulation between the parties, the only question presented on this appeal is whether the dower right of a widow in the lands of her deceased husband, before admeasurement, is liable to be taken to satisfy the claims of her creditors. Such interests have been reached through courts of equity for many years, and in the case of Payne v. Becker, 87 N. Y. 153, 158, it was held that "it must now be deemed settled that upon the death of her husband a widow has an absolute right to dower in the lands of which he had been seised, and that this right or interest, although resting in action, is liable in equity for her debts." The facts in the case at bar, so far as they are necessary for the purposes of this decision, are as follows: Abraham Latourette died in 1892, leaving a widow, and certain real estate on Long Island, in which his widow, Susan A. Latourette, had a right of dower. An action to partition the property was brought, making the widow a party, and it was decreed that the land should be sold by the sheriff, and the widow elected to take her share in the money. In the meantime she had become indebted to Joseph B. Lewis, who commenced an action against her to recover that indebtedness while the partition suit was pending; and before judgment, Mrs. Latourette being a nonresident of the state, Mr. Lewis attached in that action all her interest in the property. The attachment was made on the 7th day of May, 1896, and judgment was entered in the action on the 23d day of February, 1897, for $790.53. On the 31st day of January, 1898, while the dower interest was being held by the sheriff under the attachment or execution, or both, the widow made an assignment of all her dower interest to Charles T. Cowenhoven, of New Jersey, the

appellant. She afterwards made another assignment, but that is not involved in the case as here presented. On a sale of the property under the provisions of an interlocutory judgment in the partition suit the widow's dower interest was fixed at between $1,235 and $1,263. The sheriff having the sum representing the dower interest in his possession, Mr. Lewis, the attaching creditor, claimed it, or so much as was necessary to satisfy his judgment, and Mr. Cowenhoven, the assignee, also claimed it, as did a subsequent assignee. The question was brought into court at special term, and was referred to a referee to take proofs, and report the same to the court with his opinion thereon. The referee acted under his commission, and reported that in his opinion Charles T. Cowenhoven, the assignee, was entitled to the fund. On the coming in of that report the court at special term refused to confirm it, and denied Mr. Cowenhoven's application for the fund, and directed that so much of the fund as was necessary to the payment of the judgment of the attaching creditor should be paid to Mr. Lewis. From this order appeal comes to this court.

It is probably true that before the amendment of the Code of Civil Procedure there was no way in which the widow's dower could be reached by creditors until it had been admeasured, but the practical result was reached through equitable actions, in which the widow was compelled to assign her interest, permitting the assignee to bring an action in her name to reduce the dower interest to possession, when it was available for the purposes of her creditors. Tompkins v. Fonda, 4 Paige, 448; Payne v. Becker, 87 N. Y. 153. Commenting upon this policy of the law, the court, in the case of McMahon v. Gray, 150 Mass. 289, 22 N. E. 923, 5 L. R. A. 748, say:

"It is manifest that the reason of the common-law rule that a widow cannot convey to another her right to have dower assigned, or enter upon the land before the assignment, as well as of the rule that her right cannot be taken on execution, was not founded upon any policy of the law that dower should be a provision for her support, which should be exempt from liability to be taken by her creditors, because she could not enjoy her dower until it was assigned, and then it at once became alienable by her, and liable to be taken on execution to satisfy judgments obtained against her."

In this state, in the case of Payne v. Becker, supra, the court say:

"Both upon principle and authority, therefore, we must hold that the widow's right or claim of dower is property; that, like every other species of property, it may be reached and applied to the payment of her debts," etc.

Obviously, the money in the hands of the sheriff could have been attached by a judgment creditor, and since the enactment of section 645 of the Code of Civil Procedure, which provides that "the real property which may be levied upon by virtue of a warrant of attachment includes any interest in real property, either vested or not vested, which is capable of being aliened by the defendant," we are unable to discover any reason why the dower right is not equally liable to attachment. It is to be noted that the appellant's (Mr. Cowenhoven's) assignment is dated January 31, 1898, while the sum due to the widow was not ascertained until the final sale in November, 1898, and the rule is that "any interest in real property, either vested or not vested, which is capable of being aliened by the defendant," is subject to attachment. If the

right of dower was not capable of being aliened, then the appellant can claim no rights under his assignment. If it was, then, under the rule fixed by the statute, the attachment was good, and the funds, in so far as they were necessary to pay the judgment of Mr. Lewis, belonged to him. "As this right [of dower] is a valuable interest in property within the commonwealth," say the court in McMahon v. Gray, supra, "which is assignable in equity, we are of opinion that it can be reached by creditors"; and this was clearly the law of this state prior to the adoption of the Code of Civil Procedure, and, as it is the policy of the Code of Civil Procedure to simplify the practice, and to promote justice, we can see no reason why a creditor should not have as good a right to attach a consummate dower interest before it has been reduced to possession as afterwards. We agree, therefore, with the court below, that Higgins v. McConnell, 130 N. Y. 482, 29 N. E. 978, is controlling in this case. See Insurance Co. v. Shipman, 119 N. Y. 324, 24 N. E. 177. The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.