In the Matter of the Petition of JOHN J. THOMASSON, an Attorney and Counselor at Law, to Enforce his Lien upon the Judgment for Plaintiff in JOSEPH B. LEWIS, Plaintiff, *v.* SUSAN A. LATOURETTE, Defendant, Recovered in Supreme Court, Richmond County, New York.

JOSEPH B. LEWIS and Others, Appellants; JOHN J. THOMASSON, Respondent.

*Attorney's lien — reference to ascertain its amount — waiver of the right to a jury trial.*

Where an attorney has a lien for his services upon a fund in court, the court has power to determine and enforce such lien upon the attorney's petition, and to order a reference to ascertain its amount, where the attorney claims upon a *quantum meruit.*

*Semble,* that if the client or those claiming under him are entitled to a trial by jury they waive such right by proceeding with the reference without objection.

APPEAL by Joseph B. Lewis and others from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Richmond on the 13th day of February, 1900, determining that John J. Thomasson has a lien amounting, with costs, to $486.73 upon a fund in the hands of the sheriff of the county of Richmond, and directing payment thereof, and also from an order of reference entered in said clerk's office on the 24th day of November, 1900.

*Wm. Allaire Shortt,* for the appellants.

*Omar Powell,* for the respondent.

HIRSCHBERG, J. :

The appeal is from an order of reference, granted ancillary in proceedings for the determination and enforcement of an attorney's lien for services, and from a final order by which the amount of the lien was ascertained by the court and directed to be paid, with costs, out of a fund in the sheriff's hands.

The petitioner, John J. Thomasson, an attorney of the Supreme Court, was employed by the appellant Joseph B. Lewis to prosecute an action for the collection of a debt against a widow, one Susan A. Latourette. The attorney attached Mrs. Latourette's dower interest in certain real estate in Richmond county and procured a judgment for $674.40 damages and interest, and $116.13 costs and disbursements. Thereafter, and while the sheriff was holding the proceeds of the dower interest under attachment and execution in this suit, the widow made an assignment of her dower interest to one Charles T. Cowenhoven; and the right of Lewis to disbursements therefrom was unsuccessfully assailed in Cowenhoven's interest at the Special Term and before this court upon appeal. (*Latourette* v. *Latourette,* 52 App. Div. 192.) Lewis had been introduced to the petitioner by the appellant Walter T. Elliott, also an attorney, and one familiar with all the facts of the litigation, and long subsequently to the recovery of the judgment and the attachment of the petitioner's rights as attorney, and with full knowledge of such rights, Elliott took from Lewis an assignment of the latter's right and title in and to the judgment.

On application of the petitioner the court at Special Term

appointed a referee to take the proofs of the respective parties and to determine what amount, if any, was due to the petitioner for his services and disbursements as attorney for Lewis in the action against Mrs. Latourette ; a reference was regularly held thereunder and witnesses examined on either side, and on the coming in of the referee's report the court determined in conformity with such report that the petitioner had a lien amounting to $486.73 for services, disbursements and costs of the proceeding upon the funds in the hands of the appellant John L. Dailey, as sheriff (formerly) of Richmond county, amounting to $1,235, representing the widow's dower interest.

The main point urged by the appellant is that as the petitioner claimed upon a *quantum meruit* an action at law was necessary in order to determine the amount, and that, therefore, both the order of reference and the final order were without jurisdiction. It would be a sufficient answer to say, as appears to be the fact, that the reference proceeded without objection, and that if a right to trial by jury existed it must be deemed to have been waived. (*Kenney* v. *Apgar*, 93 N. Y. 539.) But it has never been held that a reference is improper for the ascertainment of facts essential to the enlightenment of the court in the distribution of a fund in court, while under kindred circumstances the propriety of a reference has been often upheld in the adjustment of the rights of attorney and client. In *Matter of Knapp* (85 N. Y. 284) Judge DANFORTH said (p. 297) : " Where, upon the facts stated, the right is clear and the amount only in question, it could well be determined by a referee or by the judge himself at Special Term or by a jury passing upon an issue sent to it." (See, also, *Marshall* v. *Meech*, 51 N. Y. 140 ; *Schell* v. *Mayor*, 128 id. 67 ; *Brown* v. *Mayor*, 9 Hun, 587, 592; *Brown* v. *Mayor*, 11 id. 21; *Matter of Wolf*, 51 id. 407 ; *Matter of Barkley*, 42 App. Div. 597.) In *Hussey* v. *Culver* (53 Hun, 637) the plaintiff sued a firm of lawyers upon an assignment of a judgment from their client, and an interlocutory judgment was granted ordering a reference to ascertain and report the amount of the defendants' lien upon the fund in their possession then in controversy. This disposition of the case was affirmed by the General Term, and on a subsequent appeal from the final judgment BRADY, J., said in reference to the defendants' claim for com-

pensation (*Hussey* v. *Culver,* 9 N. Y. Supp. 193) : " In the absence of any agreement between the plaintiff and the defendants as to the amount it could be ascertained only by judicial investigation.   That question was properly investigated before the referee, and the result cannot be successfully assailed for aught that appears upon the record."

The case of *Pilkington* v. *Brooklyn Heights R. R. Co.* (49 App. Div 22), cited by the appellants, is not in point.   That case neither concerned a fund in court nor the immediate and direct relations of attorney and client.   This court held, partly on the authority of *Harris* v. *Elliott* (19 App. Div. 60), that the terms of a written stipulation made by defendant for the benefit of plaintiff's attorney on the compromise of a suit, created contractual relations only as between them, and that the obligation imposed thereby could only be enforced by action, a summary proceeding being regarded as improper when applied, not to the enforcement of the attorney's lien as such, but of the independent promise.   The attorney there could undoubtedly have enforced his lien in the usual way, viz., by setting aside the settlement so far as to revive the cause of action as to him. He could not, however, waive the lien and at the same time enforce the collection of a promissory note on motion had the defendant given him one upon the settlement, and by a parity of reasoning could not so compel compliance with the written executory promise there under consideration.   It may be noted further that the enforcement of a lien by judicial proceedings is wholly inconsistent with the ratification of a settlement by which the lien is destroyed.

But if any doubt existed on the question now before the court, it is settled by the amendment of section 66 of the Code of Civil Procedure, made in 1899 (Laws of 1899, chap. 61), by which the court is expressly authorized to determine and enforce the lien upon petition either of the client or attorney.   And that such amendment is constitutional, at least so far as relates to proceedings between attorney and client, has, pending the writing of this opinion, been unanimously decided by the Court of Appeals in *Matter of King* (168 N. Y. 53).   In that case, a substituted trustee employed the petitioners as attorneys to recover securities wrongfully appropriated and hypothecated by his predecessor, and after they had been recovered by protracted litigation and brought into court and

deposited with a trust company, subject to the further order of the court, a reference was ordered on the attorneys' petition to determine the compensation which should be allowed them. Judge HAIGHT, writing for the court, said (page 58): "The claim is further made by a minority of the Appellate Division that section 66 of the Code does not give the court jurisdiction to determine the amount of the indebtedness of the client to his attorney. But with reference to this contention we have the express provision of the Code as amended in 1899. It provides that 'the court, upon the petition of the client or attorney, may determine and enforce the lien.' The lien is given by the provisions of the section which were in force at the time the services were rendered. The new amendment took place after the services were principally performed, but before these proceedings were instituted. It is a new remedy for the enforcement of an existing right, and is, therefore, available to the petitioners and is not subject to the objection raised in the case of *Goodrich* v. *McDonald* (*supra*). We do not understand the clause to be violative of the provisions of the Constitution, or that the parties were entitled to a jury trial. In this case the petitioners had a lien created by statute. The proceedings provided for by the Code are instituted by a petition and are in the nature of the foreclosure of a lien. The appointment of a referee may have been in the discretion of the court. The Special Term undoubtedly could have retained the proceedings, tried out the question as to the value of the petitioners' services and determined the rights of the parties without a referee, but the petitioners were entitled to have their rights determined by the court either with or without the aid of a referee. The court could not properly, in the exercise of its discretion, deprive the petitioners of this remedy. The remedy given is equitable in character, and we think the equity side of the court has jurisdiction. It is, in some respects, analogous to the foreclosure of mechanics' liens, in which it has been held to be an action in equity triable by the court without a jury. (*Kenney* v. *Apgar*, 93 N. Y. 539, 550; *Goodrich* v. *McDonald*, 112 N. Y. 157.)"

No other point of law raised by the appellants requires discussion; but I think the amount allowed is excessive. The judgment was obtained by the petitioner against Mrs. Latourette by default. The contests arose upon Cowenhoven's motion and appeal, and

in both instances the petitioner was aided by counsel who prepared the brief and argued the appeal. The counsel has been paid by the petitioner's client $200 for such services. The referee has allowed the petitioner a counsel fee of $250, which, with the costs and other expenses, exclusive of this appeal and of other payments incurred by Mr. Lewis, will entail an expenditure for fees and costs of $686.73, for the collection of a debt by action on default, which, at the time judgment was recovered, amounted, with interest, to only $674.40. Mr. Lewis testified that the petitioner told him his charges would be about $150, and in view of the nature of the litigation, the aid furnished and the small amount involved, that sum should be deemed sufficient.

The final order should be modified by reducing the amount of the petitioner's lien upon the fund to the sum of $386.73, and as so modified that order and the order of reference should be affirmed, without costs.

All concurred, except WOODWARD, J., not sitting.

Final order modified by reducing the amount of the petitioner's lien upon the fund to the sum of $386.73, and as so modified that order and the order of reference affirmed, without costs.