### HUSSEY v. CULVER et al.

(Supreme Court, General Term, First Department. March 14, 1890.)

ATTORNEY AND CLIENT—ATTORNEYS' LIEN.

In an action for moneys collected by defendants as attorneys, and claimed by plaintiff under an equitable assignment from defendants' client, the amount of defendants' lien for services can only be ascertained by a judicial investigation, in the absence of any agreement with plaintiff.

Appeal from special term, New York county.

Action by William H. Hussey against Weeks W. Culver and Benjamin Wright. Defendants appeal from final judgment establishing an equitable lien in favor of plaintiff upon certain moneys collected by them as attorneys of Alexander Low.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

E. H. Pomeroy, for appellants. Geo. C. Lay, for respondent.

BRADY, J. This action was brought to recover moneys in the hands of the defendants, claiming under an equitable assignment made by one Low to the plaintiff, and was tried originally at special term, resulting in a judgment which declared that an equitable lien or trust existed in favor of the plaintiff, and an interlocutory judgment ordering a reference to ascertain and report the amount of the defendants' lien upon the moneys mentioned. An appeal was taken from that judgment, and it was affirmed, after which the reference, ordered as suggested, proceeded. The referee reported that the full amount of the costs, charges, and fees which the defendants were entitled to retain for conducting the action out of which the moneys mentioned arose was the sum of $1,590.79.

It is conceded by the appellants that the questions, save those, if any, which spring from the further testimony taken upon the reference, were disposed of upon the appeal from the interlocutory judgment; and therefore those presented on the present appeal are only such as rest upon the additional testimony, taken for the purpose of ascertaining the extent of the appellants' claim. It is suggested on behalf of the appellants that, under the terms of the order, and the equitable assignment thereby created, the costs, charges, and expenses were matters purely of adjustment between the defendants and their client, Low, the plaintiff's assignor, and that the order in no sense gave the plaintiff the right to determine, and the court had no power to determine, the reasonableness of the costs, charges, and fees, nor to pass upon the question of quantum meruit. It is perhaps unnecessary to respond to this proposition at all. But it may be said that the assignment carried with it all the assignor's interest in the fund except the lien of the defendants, which was not settled and determined by the parties prior to the execution of that paper. In the absence of any agreement between the plaintiff and the defendants as to the amount, it could be ascertained only by judicial investigation. That question was properly investigated before the referee, and the result cannot be successfully assailed for aught that appears upon the record.

It is insisted, however, that the referee erred in not permitting the defendants to charge, as a proper disbursement in the action, the $300 paid to their counsel for the argument in the general term and the court of appeals on behalf of the assignor. But there are no exceptions, and no requests to find

on that subject. Indeed there is nothing to show conclusively that the same was not allowed in the adjustment made by the referee of the amount which the defendants were entitled to receive. It may doubtless be properly said that this appeal is *pro forma*, for the purpose of proceeding further with the question which the appellants may think proper to submit to another tribunal. The judgment must be affirmed, with costs. All concur.