(63 App. Div. 408.)

## In re THOMASSON.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. ATTORNEY AND CLIENT—LIEN FOR SERVICES—REFERENCE FOR ASCERTAINMENT.
　　Under Code Civ. Proc. § 66, as amended, authorizing the court to determine and enforce an attorney's lien on the petition of either the client or attorney, an order of reference to determine the amount of an attorney's lien on the judgment recovered was proper, in an action by the attorney for such lien.

2. SAME—EXCESSIVE FEE.
　　Where an attorney conducted two cases, and in the appeals was assisted by counsel, who prepared the briefs and argued the cases, and who was paid $200 by the client, the judgment recovered being $674.40, an allowance of $250 for attorney's fees was excessive.

Appeal from special term, Richmond county.

Petition by John J. Thomasson, an attorney, to enforce a lien for services rendered for Joseph B. Lewis. From an order granting a reference to determine the amount of the debt, and from a final order ascertaining the amount of the lien, one Elliott, assignee of Lewis, with others, appeals. Order of reference affirmed, and the final order modified and affirmed.

Argued before GOODRICH, P. J., and HIRSCHBERG, JENKS, and SEWELL, JJ.

Wm. Allaire Shortt, for appellants.
Omar Powell, for respondent.

HIRSCHBERG, J. The appeal is from an order of reference granted ancillary in proceedings for the determination and enforcement of an attorney's lien for services, and from a final order by which the amount of the lien was ascertained by the court, and directed to be paid, with costs, out of a fund in the sheriff's hands. The petitioner, John J. Thomasson, an attorney of the supreme court, was employed by the appellant Joseph B. Lewis to prosecute an action for the collection of a debt against a widow,—one Susan A. Latourette. The attorney attached Mrs. Latourette's dower interest in certain real estate in Richmond county, and procured a judgment for $674.40 damages and interest, and $116.13 costs and disbursements. Thereafter, and while the sheriff was holding the proceeds of the dower interest under attachment and execution in this suit, the widow made an assignment of her dower interest to one Charles T. Cowenhoven; and the right of Lewis to disbursement therefrom was unsuccessfully assailed in Cowenhoven's interest at the special term, and before this court upon appeal. Latourette v. Latourette, 52 App. Div. 192, 65 N. Y. Supp. 8. Lewis had been introduced to the petitioner by the appellant Walter T. Elliott, also an attorney, and familiar with all the facts of the litigation; and long subsequently to the recovery of the judgment and the attachment of the petitioner's rights as attorney, and with full knowledge of such rights, Elliott took from Lewis an assignment of the latter's right and title in and to the judgment. On application of the petitioner the court at special term appointed a referee to take the proofs of the respective parties, and to determine what amount, if any, was due to the petitioner for his services and disbursements as attorney for Lewis in the action against Mrs. Latourette. A reference was regularly held thereunder, and witnesses examined on either side; and on the coming in of the referee's report the court determined, in conformity with such report, that the petitioner had a lien amounting to $486.73, for services, disbursements, and costs of the proceeding, upon the funds in the hands of the appellant John L. Dailey as sheriff (formerly) of Richmond county, amounting to $1,235, representing the widow's dower interest.

The main point urged by the appellants is that, as the petitioner claimed upon a quantum meruit, an action at law was necessary in order to determine the amount, and that therefore both the order of reference and the final order were without jurisdiction. It would be a sufficient answer to say, as appears to be the fact, that the reference proceeded without objection, and that, if a right to trial by jury existed, it must be deemed to have been waived. Kenney v. Apgar, 93 N. Y. 539. But it has never been held that a reference is improper for the ascertainment of facts essential to the enlightenment of the court in the distribution of a fund in court, while

under kindred circumstances the propriety of a reference has been often upheld in the adjustment of the rights of attorney and client. In Re Knapp, 85 N. Y. 284, Judge Danforth said (page 297):

"Where, upon the facts stated, the right is clear, and the amount only in question, it could well be determined by a referee, or by the judge himself at special term, or by a jury passing upon an issue sent to it."

See, also, Marshall v. Meech, 51 N. Y. 140, 10 Am. Rep. 572; Schell v. City of New York, 128 N. Y. 67, 27 N. E. 957; Brown v. Mayor, etc., 9 Hun, 587, 592; Id., 11 Hun, 21; In re Wolf, 51 Hun, 407, 4 N. Y. Supp. 239; Barkley v. Railroad Co., 42 App. Div. 597, 59 N. Y. Supp. 742.

In Hussey v. Culver, 53 Hun, 637, 6 N. Y. Supp. 466, the plaintiff sued a firm of lawyers upon an assignment of a judgment from their client; and an interlocutory judgment was granted, ordering a reference to ascertain and report the amount of the defendants' lien upon the fund in their possession then in controversy. This disposition of the case was affirmed by the general term, and, on a subsequent appeal from the final judgment, Brady, J., said in reference to the defendants' claim for compensation (Hussey v. Culver [N. Y. Sup.] 9 N. Y. Supp. 193):

"In the absence of any agreement between the plaintiff and the defendants as to the amount, it could be ascertained only by judicial investigation. That question was properly investigated before the referee, and the result cannot be successfully assailed for aught that appears upon the record."

The case of Pilkington v. Railroad Co., 49 App. Div. 22, 63 N. Y. Supp. 211, cited by the appellants, is not in point. That case neither concerned a fund in court, nor the immediate and direct relations of attorney and client. This court held, partly on the authority of Harris v. Elliott, 19 App. Div. 60, 45 N. Y. Supp. 916, that the terms of a written stipulation made by defendant for the benefit of plaintiff's attorney on the compromise of a suit created contractual relations only as between them, and that the obligation imposed thereby could only be enforced by action; a summary proceeding being regarded as improper when applied, not to the enforcement of the attorney's lien as such, but of the independent promise. The attorney there could undoubtedly have enforced his lien in the usual way, viz. by setting aside the settlement so far as to revive the cause of action as to him. He could not, however, waive the lien, and at the same time enforce the collection of a promissory note on motion, had the defendant given him one upon the settlement, and, by a parity of reasoning, could not so compel compliance with the written executory promise there under consideration. But, if any doubt existed on the question now before the court, it is settled by the amendment of section 66 of the Code of Civil Procedure made in 1899, by which the court is expressly authorized to determine and enforce the lien upon petition either of the client or attorney. And that such amendment is constitutional, at least so far as relates to proceedings between attorney and client, has pending the writing of this opinion been unanimously decided by the court of appeals in Re King, 60 N. E. 1054 (July 10,

1901). In that case a substituted trustee employed the petitioners as attorneys to recover securities wrongfully appropriated and hypothecated by his predecessor, and after they had been recovered by protracted litigation, and brought into court and deposited with a trust company, subject to the further order of the court, a reference was ordered, on the attorneys' petition, to determine the compensation which should be allowed them. Judge Haight, writing for the court, said:

"The claim is further made by a minority of the appellate division that section 66 of the Code does not give the court jurisdiction to determine the amount of the indebtedness of the client to his attorney. But with reference to this contention we have the express provision of the Code as amended in 1899. It provides that 'the court, upon the petition of the client or attorney, may determine and enforce the lien.' The lien is given by the provisions of the section which were in force at the time the services were rendered. The new amendment took place after the services were principally performed, but before these proceedings were instituted. It is a new remedy for the enforcement of an existing right, and is therefore available to the petitioners, and is not subject to the objection raised in the case of Goodrich v. McDonald, supra. We do not understand the clause to be violative of the provisions of the constitution, or that the parties were entitled to a jury trial. In this case the petitioners had a lien created by statute. The proceedings provided for by the Code are instituted by a petition, and are in the nature of the foreclosure of a lien. The appointment of a referee may have been in the discretion of the court. The special term undoubtedly could have retained the proceedings, tried out the question as to the value of the petitioners' services, and determined the rights of the parties without a referee; but the petitioners were entitled to have their rights determined by the court, either with or without the aid of a referee. The court could not properly, in the exercise of its discretion, deprive the petitioners of their remedy. The remedy given is equitable in character, and we think the equity side of the court has jurisdiction. It is in some respects analogous to the foreclosure of mechanics' liens, in which it has been held to be an action in equity, triable by the court without a jury. Kenney v. Apgar, 93 N. Y. 539, 550; Goodrich v. McDonald, 112 N. Y. 157, 19 N. E. 649."

No other point of law raised by the appellants requires discussion, but I think the amount allowed is excessive. The judgment was obtained by the petitioner against Mrs. Latourette by default. The contests arose upon the Cowenhoven motion and appeal, and in both instances the petitioner was aided by counsel, who prepared the brief and argued the appeal. The counsel has been paid by the petitioner's client $200 for such services. The referee has allowed the petitioner a counsel fee of $250, which, with the costs and other expenses, exclusive of this appeal and of other payments incurred by Mr. Lewis, will entail an expenditure for fees and costs of $686.73 for the collection of a debt by action or default, which at the time judgment was recovered amounted, with interest, to only $674.40. Mr. Lewis testified that the petitioner told him his charges would be about $150, and, in view of the nature of the litigation, the aid furnished, and the small amount involved, that sum should be deemed sufficient.

The final order should be modified by reducing the amount of the petitioner's lien upon the fund to the sum of $386.73, and, as so modified, that order and the order of reference should be affirmed, without costs. All concur.